**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**ANJALI AMAZIGO,**
Plaintiff,

v.

**ERIK JAVIER ARROYABE QUIROGA,**
**WALTER ARROYABE, and**
**UBER TECHNOLOGIES, INC.,**
Defendants.

**Case No.:** [To be assigned by Clerk]
*Originally pending in the Superior Court of the District of Columbia*
*(Case No. 2026-CAB-001163)*

**DEFENDANTS ERIK JAVIER ARROYABE AND WALTER ARROYABE'S JOINT EXHIBITS**

eFiled
4/17/2026 9:09:32 AM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

ANJALI AMAZIGO
806 Channing Place Northeast
Apt 627
Washington, DC 20018

*Plaintiff*

v. Case No.: 2026-CAB-001163

ERIK JAVIER ARROYABE QUIROGA
5902 31st Ave
Hyattsville, MD 20782

-and-
WALTER ARROYABE,
5902 31st Ave
Hyattsville, MD 20782

-and-

UBER TECHNOLOGIES, INC.
182 Howard Street
San Francisco, CA 94105

-SERVE-

The CORPORATION TRUST, INC.
1015 15th St., NW, Suite 1000
Washington, DC 20005

*Defendants.*

**COMPLAINT**

**COMES NOW** the Plaintiff, Anjali Amazigo ("Ms. Amazigo" or "Plaintiff"), by and through her attorneys, Terence Davis and the law offices of Morgan & Morgan DC, PLLC, files this complaint against Defendants, Erik Javier Arroyabe Quiroga ("Defendant Quiroga"), Walter Arroyabe ("Defendant Owner Arroyabe"), and Uber, Inc. ("Defendant Uber") (collectively, "Defendants"), and alleges as follows:

## PARTIES

1. Ms. Amazigo is an individual who, on July 8, 2025, was a pedestrian lawfully present in a crosswalk at or near the intersection of New Hampshire Avenue NW and M Street NW in Washington, D.C.
2. Defendant Quiroga is an individual who, on July 8, 2025, was operating a Taizhou Chuanl motorcycle, blue in color, on New Hampshire Avenue NW in Washington, D.C.
3. Defendant Owner Arroyabe was, at all relevant times, the titled owner of the Taizhou Chuanl motorcycle involved in the subject collision.
4. Defendant Uber is, upon information and belief, a foreign corporation that does business in the District of Columbia and maintained liability insurance applicable to claims arising from the July 8, 2025 motor vehicle–pedestrian collision involving Ms. Amazigo.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over this claim pursuant to DC Code §13-423 whereby jurisdiction is conferred over persons causing tortious injury in the District of Columbia by an act of omission in the District of Columbia.
6. This Court has subject-matter jurisdiction over this claim pursuant to DC Code §11-921.
7. Venue is proper as the incident occurred in the District of Columbia.

## FACTUAL BACKGROUND

8. On Tuesday, July 8, 2025, at approximately 12:32 p.m., Defendant Quiroga was traveling southwest bound on New Hampshire Avenue NW and proceeded through the intersection with M Street NW in Washington, D.C.

9. As Defendant Quiroga crossed M Street NW, Ms. Amazigo, as a pedestrian, entered the crosswalk, walking parallel to M Street and going eastbound.
10. While Ms. Amazigo was in the crosswalk, the vehicle operated by Defendant Quiroga collided with her.
11. As a direct result of the collision, Ms. Amazigo sustained several abrasions to the face and a fractured tibia in the left leg.
12. During the investigation, the Metropolitan Police Department determined that Defendant Quiroga did not have a valid driver's license while operating the motor vehicle on District of Columbia roads.
13. As a result of driving without a valid license, Defendant Quiroga was issued Notice of Infraction ("NOI") number 291864263 for failure to display a permit or license upon demand.
14. On information and belief, at all relevant times Defendant Quiroga resided at 5902 31st Avenue, Hyattsville, Maryland.
15. At all relevant times, Defendant Quiroga was operating the subject vehicle with the express knowledge, permission, and authority of its owner, Defendant Owner Arroyabe.
16. Upon information and belief, at the time of the collision on July 8, 2025, Defendant Quiorga was operating the subject Taizhou Chuanl motorcycle while performing deliveries or otherwise acting for the benefit of Defendant Uber, and Defendant Uber maintained liability insurance identified in connection with the July 8, 2025 collision involving Ms. Amazigo.
17. Upon information and belief, Defendant Uber had the right to control, and did control or had the power to control, the manner and means of Defendant Quiroga's work at the time of the collision.
18. At all relevant times, Ms. Amazigo acted as a pedestrian in the crosswalk, and Defendant

Quiroga, operating a motor vehicle on a public roadway, owed a duty of reasonable care to avoid striking her.

**COUNT I. Negligence – Defendant Quiroga (Driver)**

19. Ms. Amazigo incorporates by reference the allegations in Paragraphs 1–18 as though fully set forth herein.

20. At all times relevant herein, Defendant Quiroga owed Ms. Amazigo a duty to use the vehicle with reasonable care, in compliance with applicable traffic and pedestrian-safety laws, and with due regard for pedestrians lawfully within the roadway and crosswalks of the District of Columbia. These duties include:

    a. Paying full time and attention to the operation of their vehicle;
    b. Keeping his vehicle under control;
    c. Keeping a proper lookout;
    d. Reducing speed to avoid a collision; and
    e. Operating the motor vehicle at an appropriate speed for the circumstances

21. Defendant Quiroga failed to use reasonable care and breached the duty he owed to Ms. Amazigo including, but not limited to:

    a. Failing to pay full time and attention to the operation of her vehicle;
    b. Failing to operate his vehicle so as to avoid colliding with a pedestrian in the crosswalk
    c. Failing to maintain an adequate lookout,
    d. Failing to exercise due care for the safety of pedestrians,
    e. Failed to reduce speed to avoid collision; and
    f. Otherwise failing to operate his vehicle as a reasonably prudent driver would under similar circumstances.

22. The fact that Defendant Quiroga was operating a motor vehicle on District of Columbia roads without a valid driver's license constitutes a violation of District of Columbia traffic laws governing the licensing of drivers and is evidence of negligence.
23. Defendant Quiroga's negligent conduct, as described above, was the direct and proximate cause of the collision with Ms. Amazigo.
24. Defendant Quiroga's failure to use reasonable care was the direct and proximate cause of Ms. Amazigo's severe physical pain and suffering, emotional distress, and great inconvenience. Ms. Amazigo will incur significant medical bills and lose wages in the future.

**<u>COUNT II. Negligence/Negligent Entrustment - Defendant Owner Arroyabe</u>**

25. Ms. Amazigo incorporates by reference the allegations in Paragraphs 1–24 as though fully set forth herein.
26. At all relevant times, Defendant Owner Arroyabe was the owner of the Taizhou Chuanl motorcycle operated by Defendant Quiroga at the time of the collision.
27. At all relevant times, Defendant Quiroga was operating the subject vehicle with Defendant Owner Arroyabe's knowledge, permission, and for the benefit of Defendant Owner Arroyabe.
28. As owner of the subject vehicle, Defendant Owner Arroyabe owed a duty to exercise reasonable care in entrusting the vehicle only to competent, appropriately licensed drivers.
29. Defendant Owner Arroyabe breached that duty by permitting Defendant Quiroga, who did not have a valid driver's license at the time of the collision, to operate the vehicle on public roadways in the District of Columbia.
30. Defendant Owner Arroyabe's negligent entrustment of the vehicle to an unlicensed driver was a direct and proximate cause of the collision and of Ms. Amazigo's resulting injuries and damages.

31. As a direct and proximate result of Defendant Owner Arroyabe's negligence, including negligent entrustment, Ms. Amazigo suffered bodily injuries, including abrasions to the face and a fractured left tibia, and will continue to suffer damages, including but not limited to pain and suffering and other damages to be proven at trial.

**COUNT III. Vicarious Liability – Defendant Uber**

32. Ms. Amazigo incorporates by reference the allegations in Paragraphs 1–31 as though fully set forth herein.
33. On July 8, 2025, at approximately 12:32 p.m., Defendant Quiroga was operating a Taizhou Chuanl motorcycle on New Hampshire Avenue NW in Washington, D.C., when he collided with pedestrian Ms. Amazigo in the crosswalk near the intersection with M Street NW.
34. Upon information and belief, at all relevant times on July 8, 2025, Defendant Quiroga was operating the subject motorcycle while engaged in work on behalf of Defendant Uber, which was identified by insurers as an insured entity in connection with the July 8, 2025 collision involving Ms. Amazigo.
35. Upon information and belief, Defendant Uber had the right to control, and did control or had the power to control, the manner and means of Defendant Quiroga's work at the time of the collision, such that Defendant Quiroga was acting as Defendant Uber's employee, agent, servant, or in a similar capacity giving rise to vicarious liability.
36. At all relevant times, Defendant Quiroga was acting within the course and scope of his employment, agency, or work for Defendant Uber when he negligently operated the motorcycle and collided with Ms. Amazigo.

37. Under the doctrine of respondeat superior and other applicable principles of vicarious liability, Defendant Uber is legally responsible for the negligent acts and omissions of Defendant Quiroga committed in the course and scope of his work for Defendant Uber on July 8, 2025.

38. As a direct and proximate result of Defendant Quiroga's negligence, for which Defendant Uber is vicariously liable, Ms. Amazigo suffered bodily injuries including abrasions to the face and a fractured left tibia, and will continue to suffer damages, including but not limited to pain and suffering and other damages to be proven at trial.

**COUNT IV. Negligent Hiring, Retention, and Supervision – Defendant Uber**

39. Ms. Amazigo incorporates by reference the allegations in Paragraphs 1–38 as though fully set forth herein.

40. At all relevant times, Defendant Uber, directly or through its agents, was responsible for recruiting, onboarding, and permitting individuals such as Defendant Quiroga to perform delivery and related services using motor vehicles in the District of Columbia.

41. As a company that arranges for deliveries to be made by drivers operating motor vehicles on public roadways, Defendant Uber owed a duty to members of the public, including Ms. Amazigo, to exercise reasonable care in screening, hiring, retaining, and supervising individuals it allowed to provide such delivery services.

42. That duty of reasonable care included, among other things, the obligation to use reasonable procedures to ensure that individuals authorized to perform deliveries using motor vehicles were properly licensed and otherwise competent to operate those vehicles safely on public streets.

43. Upon information and belief, Defendant Uber failed to exercise reasonable care in screening, hiring, retaining, or supervising Defendant Quiroga, including by failing to take reasonable steps to verify that he possessed a valid driver's license before permitting him to perform deliveries on its behalf using a motor vehicle in the District of Columbia.

44. On July 8, 2025, Defendant Quiroga operated the subject Taizhou Chuanl motorcycle without a valid driver's license on New Hampshire Avenue NW and proceeded through the intersection with M Street NW, where he collided with pedestrian Ms. Amazigo while she was in the crosswalk.

45. Defendant Uber knew or, in the exercise of reasonable care, should have known that allowing an individual to perform delivery services while operating a motor vehicle without a valid driver's license, or without adequate verification of licensure and competence, created an unreasonable risk of harm to members of the public, including pedestrians such as Ms. Amazigo.

46. Defendant Uber's negligent hiring, retention, and/or supervision of Defendant Quiroga was a direct and proximate cause of the collision and of Ms. Amazigo's resulting injuries and damages.

47. As a direct and proximate result of Defendant Uber's negligence in hiring, retaining, and supervising Defendant Quiroga, Ms. Amazigo suffered bodily injuries including abrasions to the face and a fractured left tibia, and will continue to suffer damages, including but not limited to pain and suffering and other damages to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Anjali Amazigo, respectfully requests judgment against the Defendants Quiroga, Arroyabe, and Uber, jointly and severally, in an amount to be determined at trial, but believed to be TEN MILLION DOLLARS ($10,000,000,00) in compensatory damages, plus costs of suit, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

Terence Davis

Terence Davis, Esq. # 900025555
Morgan & Morgan DC, PLLC
20 M St SE, 6th Floor
Washington, D.C. 20003
Tel: (202) 772-0595
Fax: (202) 772-0645
tdavis@forthepeople.com
*Counsel for Plaintiff*

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues.

Terence Davis

Terence Davis, Esq.

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

ANJALI AMAZIGO
806 Channing Place Northeast
Apt 627
Washington, DC 20018

*Plaintiff*

v. Case No.: 2026-CAB-001163

ERIK JAVIER ARROYABE QUIROGA
5902 31st Ave
Hyattsville, MD 20782

-and-
WALTER ARROYABE,
5902 31st Ave
Hyattsville, MD 20782

-and-
DOORDASH, INC.
303 2nd St.
Suite 800
San Francisco, CA 94107

-serve-
THE CORPORATION TRUST INCORPORATED
2405 York Road
Suite 201
Lutherville-Timonium, MD 21093

*Defendants.*

## COMPLAINT

**COMES NOW** the Plaintiff, Anjali Amazigo ("Ms. Amazigo" or "Plaintiff"), by and through her attorneys, Terence Davis and the law offices of Morgan & Morgan DC, PLLC, files this complaint against Defendants, Erik Javier Arroyabe Quiroga ("Defendant Quiroga"), Walter Arroyabe ("Defendant Owner Arroyabe"), and Doordash, Inc. ("Defendant DoorDash") (collectively, "Defendants"), and alleges as follows:

## PARTIES

1. Ms. Amazigo is an individual who, on July 8, 2025, was a pedestrian lawfully present in a crosswalk at or near the intersection of New Hampshire Avenue NW and M Street NW in Washington, D.C.
2. Defendant Quiroga is an individual who, on July 8, 2025, was operating a Taizhou Chuanl motorcycle, blue in color, on New Hampshire Avenue NW in Washington, D.C.
3. Defendant Owner Arroyabe was, at all relevant times, the titled owner of the Taizhou Chuanl motorcycle involved in the subject collision.
4. Defendant DoorDash is, upon information and belief, a foreign corporation that does business in the District of Columbia and maintained liability insurance applicable to claims arising from the July 8, 2025 motor vehicle–pedestrian collision involving Ms. Amazigo.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over this claim pursuant to DC Code §13-423 whereby jurisdiction is conferred over persons causing tortious injury in the District of Columbia by an act of omission in the District of Columbia.
6. This Court has subject-matter jurisdiction over this claim pursuant to DC Code §11-921.
7. Venue is proper as the incident occurred in the District of Columbia.

## FACTUAL BACKGROUND

8. On Tuesday, July 8, 2025, at approximately 12:32 p.m., Defendant Quiroga was traveling southwest bound on New Hampshire Avenue NW and proceeded through the intersection with M Street NW in Washington, D.C.

9. As Defendant Quiroga crossed M Street NW, Ms. Amazigo, as a pedestrian, entered the crosswalk, walking parallel to M Street and going eastbound.
10. While Ms. Amazigo was in the crosswalk, the vehicle operated by Defendant Quiroga collided with her.
11. As a direct result of the collision, Ms. Amazigo sustained several abrasions to the face and a fractured tibia in the left leg.
12. During the investigation, the Metropolitan Police Department determined that Defendant Quiroga did not have a valid driver's license while operating the motor vehicle on District of Columbia roads.
13. As a result of driving without a valid license, Defendant Quiroga was issued Notice of Infraction ("NOI") number 291864263 for failure to display a permit or license upon demand.
14. On information and belief, at all relevant times Defendant Quiroga resided at 5902 31st Avenue, Hyattsville, Maryland.
15. At all relevant times, Defendant Quiroga was operating the subject vehicle with the express knowledge, permission, and authority of its owner, Defendant Owner Arroyabe.
16. Upon information and belief, at the time of the collision on July 8, 2025, Defendant Quiorga was operating the subject Taizhou Chuanl motorcycle while performing deliveries or otherwise acting for the benefit of Defendant DoorDash, and Defendant DoorDash maintained liability insurance identified in connection with the July 8, 2025 collision involving Ms. Amazigo.
17. Upon information and belief, Defendant DoorDash had the right to control, and did control or had the power to control, the manner and means of Defendant Quiroga's work at the time of the collision.
18. At all relevant times, Ms. Amazigo acted as a pedestrian in the crosswalk, and Defendant

Quiroga, operating a motor vehicle on a public roadway, owed a duty of reasonable care to avoid striking her.

**COUNT I. Negligence – Defendant Quiroga (Driver)**

19. Ms. Amazigo incorporates by reference the allegations in Paragraphs 1–18 as though fully set forth herein.

20. At all times relevant herein, Defendant Quiroga owed Ms. Amazigo a duty to use the vehicle with reasonable care, in compliance with applicable traffic and pedestrian-safety laws, and with due regard for pedestrians lawfully within the roadway and crosswalks of the District of Columbia. These duties include:

    a. Paying full time and attention to the operation of their vehicle;
    b. Keeping his vehicle under control;
    c. Keeping a proper lookout;
    d. Reducing speed to avoid a collision; and
    e. Operating the motor vehicle at an appropriate speed for the circumstances

21. Defendant Quiroga failed to use reasonable care and breached the duty he owed to Ms. Amazigo including, but not limited to:

    a. Failing to pay full time and attention to the operation of her vehicle;
    b. Failing to operate his vehicle so as to avoid colliding with a pedestrian in the crosswalk
    c. Failing to maintain an adequate lookout,
    d. Failing to exercise due care for the safety of pedestrians,
    e. Failed to reduce speed to avoid collision; and
    f. Otherwise failing to operate his vehicle as a reasonably prudent driver would under similar circumstances.

22. The fact that Defendant Quiroga was operating a motor vehicle on District of Columbia roads without a valid driver's license constitutes a violation of District of Columbia traffic laws governing the licensing of drivers and is evidence of negligence.

23. Defendant Quiroga's negligent conduct, as described above, was the direct and proximate cause of the collision with Ms. Amazigo.

24. Defendant Quiroga's failure to use reasonable care was the direct and proximate cause of Ms. Amazigo's severe physical pain and suffering, emotional distress, and great inconvenience. Ms. Amazigo will incur significant medical bills and lose wages in the future.

**COUNT II. Negligence/Negligent Entrustment - Defendant Owner Arroyabe**

25. Ms. Amazigo incorporates by reference the allegations in Paragraphs 1–24 as though fully set forth herein.

26. At all relevant times, Defendant Owner Arroyabe was the owner of the Taizhou Chuanl motorcycle operated by Defendant Quiroga at the time of the collision.

27. At all relevant times, Defendant Quiroga was operating the subject vehicle with Defendant Owner Arroyabe's knowledge, permission, and for the benefit of Defendant Owner Arroyabe.

28. As owner of the subject vehicle, Defendant Owner Arroyabe owed a duty to exercise reasonable care in entrusting the vehicle only to competent, appropriately licensed drivers.

29. Defendant Owner Arroyabe breached that duty by permitting Defendant Quiroga, who did not have a valid driver's license at the time of the collision, to operate the vehicle on public roadways in the District of Columbia.

30. Defendant Owner Arroyabe's negligent entrustment of the vehicle to an unlicensed driver was a direct and proximate cause of the collision and of Ms. Amazigo's resulting injuries and damages.

31. As a direct and proximate result of Defendant Owner Arroyabe's negligence, including negligent entrustment, Ms. Amazigo suffered bodily injuries, including abrasions to the face and a fractured left tibia, and will continue to suffer damages, including but not limited to pain and suffering and other damages to be proven at trial.

**COUNT III. Vicarious Liability – Defendant DoorDash**

32. Ms. Amazigo incorporates by reference the allegations in Paragraphs 1–31 as though fully set forth herein.

33. On July 8, 2025, at approximately 12:32 p.m., Defendant Quiroga was operating a Taizhou Chuanl motorcycle on New Hampshire Avenue NW in Washington, D.C., when he collided with pedestrian Ms. Amazigo in the crosswalk near the intersection with M Street NW.

34. Upon information and belief, at all relevant times on July 8, 2025, Defendant Quiroga was operating the subject motorcycle while engaged in work on behalf of Defendant DoorDash, which was identified by insurers as an insured entity in connection with the July 8, 2025 collision involving Ms. Amazigo.

35. Upon information and belief, Defendant DoorDash had the right to control, and did control or had the power to control, the manner and means of Defendant Quiroga's work at the time of the collision, such that Defendant Quiroga was acting as Defendant DoorDash's employee, agent, servant, or in a similar capacity giving rise to vicarious liability.

36. At all relevant times, Defendant Quiroga was acting within the course and scope of his employment, agency, or work for Defendant DoorDash when he negligently operated the motorcycle and collided with Ms. Amazigo.

37. Under the doctrine of respondeat superior and other applicable principles of vicarious liability, Defendant DoorDash is legally responsible for the negligent acts and omissions of Defendant Quiroga committed in the course and scope of his work for Defendant DoorDash on July 8, 2025.

38. As a direct and proximate result of Defendant Quiroga's negligence, for which Defendant DoorDash is vicariously liable, Ms. Amazigo suffered bodily injuries including abrasions to the face and a fractured left tibia, and will continue to suffer damages, including but not limited to pain and suffering and other damages to be proven at trial.

**COUNT IV. Negligent Hiring, Retention, and Supervision – Defendant DoorDash**

39. Ms. Amazigo incorporates by reference the allegations in Paragraphs 1–38 as though fully set forth herein.

40. At all relevant times, Defendant DoorDash, directly or through its agents, was responsible for recruiting, onboarding, and permitting individuals such as Defendant Quiroga to perform delivery and related services using motor vehicles in the District of Columbia.

41. As a company that arranges for deliveries to be made by drivers operating motor vehicles on public roadways, Defendant DoorDash owed a duty to members of the public, including Ms. Amazigo, to exercise reasonable care in screening, hiring, retaining, and supervising individuals it allowed to provide such delivery services.

42. That duty of reasonable care included, among other things, the obligation to use reasonable procedures to ensure that individuals authorized to perform deliveries using motor vehicles were properly licensed and otherwise competent to operate those vehicles safely on public streets.

43. Upon information and belief, Defendant DoorDash failed to exercise reasonable care in screening, hiring, retaining, or supervising Defendant Quiroga, including by failing to take reasonable steps to verify that he possessed a valid driver's license before permitting him to perform deliveries on its behalf using a motor vehicle in the District of Columbia.

44. On July 8, 2025, Defendant Quiroga operated the subject Taizhou Chuanl motorcycle without a valid driver's license on New Hampshire Avenue NW and proceeded through the intersection with M Street NW, where he collided with pedestrian Ms. Amazigo while she was in the crosswalk.

45. Defendant DoorDash knew or, in the exercise of reasonable care, should have known that allowing an individual to perform delivery services while operating a motor vehicle without a valid driver's license, or without adequate verification of licensure and competence, created an unreasonable risk of harm to members of the public, including pedestrians such as Ms. Amazigo.

46. Defendant DoorDash's negligent hiring, retention, and/or supervision of Defendant Quiroga was a direct and proximate cause of the collision and of Ms. Amazigo's resulting injuries and damages.

47. As a direct and proximate result of Defendant DoorDash's negligence in hiring, retaining, and supervising Defendant Quiroga, Ms. Amazigo suffered bodily injuries including abrasions to the face and a fractured left tibia, and will continue to suffer damages, including but not limited to pain and suffering and other damages to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Anjali Amazigo, respectfully requests judgment against the Defendants Quiroga, Arroyabe, and DoorDash, jointly and severally, in an amount to be determined at trial, but believed to be TEN MILLION DOLLARS ($10,000,000,00) in compensatory damages, plus costs of suit, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

Terence Davis

Terence Davis, Esq. # 900025555
Morgan & Morgan DC, PLLC
20 M St SE, 6th Floor
Washington, D.C. 20003
Tel: (202) 772-0595
Fax: (202) 772-0645
tdavis@forthepeople.com
*Counsel for Plaintiff*

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury as to all issues.

Terence Davis

Terence Davis, Esq.

eFiled
3/25/2026 8:44:37 AM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ANJALI AMAZIGO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 2026-CAB-001163** |
| | : | **Hon. Edward O'Connell** |
| **ERIK JAVIER ARROYABE QUIROGA,** | : | **Next Event: Initial Scheduling** |
| ***et al.*,** | : | **Conference – 5/22/2026 - 9:30 a.m.** |
| | : | |
| **Defendants.** | : | |

**CONSENT PRAECIPE EXTENDING TIME FOR DEFENDANT DOORDASH, INC. TO PLEAD OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO SUPERIOR COURT RULE OF CIVIL PROCEDURE 55(a)(3)(B)**

**THE CLERK OF THE COURT** will please take notice that, pursuant to Superior Court Rule of Civil Procedure 55(a)(3)(B), and with the consent of Plaintiff Anjali Amazigo, Defendant DoorDash, Inc. shall have an extension of time until April 14, 2026, to plead or otherwise respond to Plaintiff's Complaint filed in the subject action.

Dated: March 25, 2026

Respectfully submitted,

*/s/ Terrence Davis*
Terrence Davis, Esq. (Bar No. 900025555)
Morgan & Morgan DC, PLLC
20 M Street, SE, 6th Floor
Washington, D.C. 20003
Tel: (202) 772-0595
Email: tdavis@forthepeople.com
*Counsel for Plaintiff Anjali Amazigo*

*/s/ Carlos A. Uria*
Carlos A. Uria, Esq. (Bar No. 1033890)
Chartwell Law
One Park Place, Suite 425
Annapolis, MD 21401
Tel: (443) 443-8495
Fax: (610) 666-7704
Email: auria@chartwelllaw.com
*Counsel for Defendant DoorDash, Inc.*

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ANJALI AMAZIGO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 2026-CAB-001163** |
| | : | **Hon. Edward O'Connell** |
| **ERIK JAVIER ARROYABE QUIROGA,** | : | **Next Event: Initial Scheduling** |
| ***et al.*,** | : | **Conference – 5/22/2026 - 9:30 a.m.** |
| | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of March, 2026, a copy of the foregoing *Consent Praecipe to Extend Time to Plead or Otherwise Respond* was e-filed and served, via U.S. Mail postage prepaid, on:

Terrance Davis, Esq.
Morgan & Morgan DC, PLLC
20 M Street, SE, 6th Floor
Washington, D.C. 20002
*Counsel for Plaintiff*

*/s/ Carlos A. Uria*
Carlos A. Uria, Esq. (Bar No. 1033890)
Chartwell Law
One Park Place, Suite 425
Annapolis, MD 21401
Tel: (443) 443-8495
Fax: (610) 666-7704
Email: auria@chartwelllaw.com
*Counsel for Defendant DoorDash, Inc.*

eFiled
4/2/2026 2:18:08 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ANJALI AMAZIGO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 2026-CAB-001163** |
| | : | **Hon. Edward O'Connell** |
| **ERIK JAVIER ARROYABE QUIROGA,** | : | **Next Event: Initial Scheduling** |
| **, *et al.*,** | : | **Conference – 5/22/2026 - 9:30 a.m.** |
| | : | |
| **Defendants.** | : | |

**JOINT STIPULATION OF DISMISSAL OF DOORDASH, INC. WITH PREJUDICE**

Plaintiff Anjali Amazigo, by and through her undersigned attorneys, and Defendant DoorDash, Inc. ("DoorDash"), by and through its respective undersigned counsel, and pursuant to Superior Court Rule of Civil Procedure 41(a), hereby jointly dismiss the above captioned action and all claims against the Defendant DoorDash with prejudice. Each party shall bear its own fees, costs, and expenses. This matter will continue against all other defendants.

Dated: April 2, 2026

Respectfully submitted,

*/s/ Terrence Davis*
Terrence Davis, Esq. (Bar No. 900025555)
Morgan & Morgan DC, PLLC
20 M Street, SE, 6th Floor
Washington, D.C. 20003
Tel: (202) 772-0595
Email: tdavis@forthepeople.com
*Counsel for Plaintiff Anjali Amazigo*

*/s/ Carlos A. Uria*
Carlos A. Uria, Esq. (Bar No. 1033890)
Chartwell Law
One Park Place, Suite 425
Annapolis, MD 21401
Tel: (443) 443-8495
Fax: (610) 666-7704
Email: auria@chartwelllaw.com
*Counsel for Defendant DoorDash, Inc.*

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ANJALI AMAZIGO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 2026-CAB-001163** |
| | : | **Hon. Edward O'Connell** |
| **ERIK JAVIER ARROYABE QUIROGA,** | : | **Next Event: Initial Scheduling** |
| **, *et al.*,** | : | **Conference – 5/22/2026 - 9:30 a.m.** |
| | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of April, 2026, a copy of the foregoing *Joint Stipulation of Dismissal of DoorDash, Inc. with Prejudice* was e-filed and served, via U.S. Mail postage prepaid, on:

Terrance Davis, Esq.
Morgan & Morgan DC, PLLC
20 M Street, SE, 6th Floor
Washington, D.C. 20002
*Counsel for Plaintiff*

*/s/ Carlos A. Uria*
Carlos A. Uria, Esq. (Bar No. 1033890)
Chartwell Law
One Park Place, Suite 425
Annapolis, MD 21401
Tel: (443) 443-8495
Fax: (610) 666-7704
Email: auria@chartwelllaw.com
*Counsel for Defendant DoorDash, Inc.*

eFiled
4/8/2026 4:59:55 PM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ANJALI AMAZIGO :
:
Plaintiff : Civil Action No: 2026-CAB-001163
: Judge Edward O'Connell
vs. : Initial Conf. May 22, 2026
:
ERIK JAVIER ARROYABE QUIROGA :
:
AND :

WALTER ARROYABE

Defendants

**PRAECIPE**

All attorneys and staff of the law firm of Katie C. Glasgow & Associates are employees of the Law Department of State Farm Mutual Automobile Insurance Company.

Respectfully submitted,

Giancarlo M. Ghiardi- #468820
Attorney for Defendant Walter Arroyabe
16901 Melford Boulevard, Suite 400
Bowie, Maryland 20715
Direct Dial: (301) 552-9886
Main Line: (301) 552-2290
Fax: (855) 396-2592
giancarlo.ghiardi@statefarm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 8th day of April 2026, a copy of the foregoing Praecipe, was sent electronically, via District of Columbia Odyssey File and Serve, to: **Terence O. Davis, Esquire,** 20 M St. SE, Floor 6, Washington, DC 20003, Attorney for Plaintiff and **Carlos A. Uria, Esq.,** One Park Place, Suite 425, Annapolis, MD 21401.

Giancarlo M. Ghiardi, #468820

eFiled
4/23/2026 7:42:33 PM
Superior Court
of the District of Columbia

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

**ANJALI AMAZIGO,**

Plaintiff,

v.

**ERIK JAVIER ARROYABE QUIROGA, WALTER ARROYABE AND UBER TECHNOLOGIES INC.,**

Defendants.

Case No. 2026-CAB-001163
Judge: Edward A. O'Connell
Next Court Date: May 22, 2026
Event: Initial Scheduling Conference

**DEFENDANT ERIK JAVIER ARROYABE QUIROGA'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Defendant Erik Javier Arroyabe Quiroga ("Defendant"), by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Super. Ct. Civ. R. 12(b)(5), to dismiss the Complaint against him for insufficient service of process.

The grounds for this Motion are that Plaintiff attempted "substituted service" by leaving process at an address in Hyattsville, MD that is not, and was not at the time of service, Defendant's "dwelling or usual place of abode" as required by Super. Ct. Civ. R. 4(e)(2)(B). Defendant resides in Bogota, Colombia, and did so at the time of service. Consequently, this Court lacks personal jurisdiction over Defendant.

A Memorandum of Points and Authorities, the Affidavit of Erik Javier Arroyabe Quiroga, and a Proposed Order are attached hereto.

Respectfully submitted,

**ERIK JAVIER ARROYABE QUIROGA**

By Counsel

/s/ Deborah L. Nixon
Deborah L. Nixon (D.C. Bar No. 90009473)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dnixon@hccw.com

**RULE 12-I CERTIFICATION**

On April 23, 2026 the undersigned sought the consent of Plaintiff''s counsel to the relief requested, and counsel stated that the parties did not consent.

/s/ Deborah L. Nixon
Deborah L. Nixon (D.C. Bar No. 90009473)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dnixon@hccw.com

**C E R T I F I C A T E**

I hereby certify that on this 23rd day of April, 2026, I electronically filed the foregoing with the Clerk of Court using eFileDC, which will send notification of such filing to the following:

Terence Davis, Esq.
D.C. Bar No. 900025555
Morgan & Morgan DC, PLLC
20 M Street SE, 6th Floor
Washington, DC 20003
202-772-0595 - Phone
202-772-0645 - Facsimile
tdavis@forthepeople.com
cathisha.williams@forthepeople.com
jack.leinwand@forthepeople.com

Giancarlo M. Ghiardi, Esq.
State Farm Mutual Automobile Insurance Company
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706
301-552-2290 - Phone
301-552-9886 - DD
855-396-2592 - Fax
giancarlo.ghiardi@statefarm.com

/s/ Deborah L. Nixon
Deborah L. Nixon (D.C. Bar No. 90009473)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dnixon@hccw.com

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

**ANJALI AMAZIGO,**

Plaintiff,

v.

Case No. 2026-CAB-001163
Judge: Edward A. O'Connell
Next Court Date: May 22, 2026
Event: Initial Scheduling Conference

**ERIK JAVIER ARROYABE QUIROGA, WALTER ARROYABE, AND UBER TECHNOLOGIES, INC.**

Defendants.

**ORDER**

Upon consideration of Defendant Erik Javier Arroyabe Quiroga's Motion to Dismiss for Insufficient Service of Process, the opposition thereto, and the entire record herein, it is this ____ day of __________, 2026, hereby

ORDERED that Defendant's Motion is GRANTED; and it is further

ORDERED that the purported service of process on February 26, 2026, is QUASHED; and it is further

ORDERED that the operative Complaint against Defendant Erik Javier Arroyabe Quiroga is DISMISSED WITHOUT PREJUDICE.

______________________________________
JUDGE

eFiled
4/23/2026 7:42:33 PM
Superior Court
of the District of Columbia

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

**ANJALI AMAZIGO,**

Plaintiff,

v.

Case No. 2026-CAB-001163
Judge: Edward A. O'Connell
Next Court Date: May 22, 2026
Event: Initial Scheduling Conference

**ERIK JAVIER ARROYABE QUIROGA, WALTER ARROYABE, AND UBER TECHNOLOGIES, INC.,**

Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff's attempt to assert jurisdiction over Defendant Erik Javier Arroyabe Quiroga rests on a physical impossibility. On February 26, 2026, Plaintiff performed a "drop service" at an apartment in Maryland; however, Defendant had already permanently relocated to Bogota, Colombia, months prior. To uphold this facially defective service would cause Defendant substantial prejudice, forcing him to defend a suit in a forum where he was never legally notified. Because Plaintiff ignored the mandatory international service requirements of Rule 4(f) in favor of a domestic address where Defendant no longer lives, this Court lacks jurisdiction and the matter must be dismissed.

## II. MATERIAL FACTS

On February 26, 2026, Plaintiff attempted service by leaving documents at a Maryland address the process server claimed was Defendant's "usual place of abode." As established in the attached Affidavit (Exhibit A), Defendant did not reside at that address on

the date of service. Defendant moved to Bogota, Colombia, on November 20, 2025, remains a resident there, and did not authorize any individual at the Maryland address to accept service on his behalf.

## III. ARGUMENT

### A. Service Failed to Comply with Superior Court Civil Rule 4(e).

DC Superior Court Civil Rule 4(e)(2)(B) permits service by leaving a copy of the summons and complaint at an individual's "dwelling or usual place of abode." At the time of attempted service, Defendant's abode was in Bogota, Colombia. Consequently, service effectuated at a former address in Maryland is insufficient as a matter of law and fails to provide the notice required by the Rules.

### B. Plaintiff Failed to Comply with Superior Court Civil Rule 4(f) for Service Abroad.

Because Defendant resides in Colombia, Plaintiff was required to effect service under Rule 4(f). This requires compliance with the Hague Convention, to which both the U.S. and Colombia are signatories. Plaintiff made no attempt to comply with these international requirements, opting instead for a defective domestic delivery that fails to trigger this Court's jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, and to avoid the manifest prejudice of an improperly served lawsuit, Defendant Erik Javier Arroyabe Quiroga respectfully requests that this Court grant his Motion to Dismiss and quash the purported service of process.

Respectfully submitted,

**ERIK JAVIER ARROYABE QUIROGA**

By Counsel

/s/ Deborah L. Nixon
Deborah L. Nixon (D.C. Bar No. 90009473)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dnixon@hccw.com

## RULE 12-I CERTIFICATION

On 4/23/2026 the undersigned sought the consent of Plaintiff''s counsel to the relief requested, and counsel stated that the parties did not consent.

/s/ Deborah L. Nixon
Deborah L. Nixon (D.C. Bar No. 90009473)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dnixon@hccw.com

**C E R T I F I C A T E**

I hereby certify that on this 23rd day of April, 2026, I electronically filed the foregoing with the Clerk of Court using eFileDC, which will send notification of such filing to the following:

Terence Davis, Esq.
D.C. Bar No. 900025555
Morgan & Morgan DC, PLLC
20 M Street SE, 6th Floor
Washington, DC 20003
202-772-0595 - Phone
202-772-0645 - Facsimile
tdavis@forthepeople.com
cathisha.williams@forthepeople.com
jack.leinwand@forthepeople.com

Giancarlo M. Ghiardi, Esq.
State Farm Mutual Automobile Insurance Company
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706
301-552-2290 - Phone
301-552-9886 - DD
855-396-2592 - Fax
giancarlo.ghiardi@statefarm.com

/s/ Deborah L. Nixon
Deborah L. Nixon (D.C. Bar No. 90009473)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dnixon@hccw.com

eFiled
2/28/2026 8:04:13 AM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, CIVIL DIVISION, CIVIL ACTIONS BRANCH

**ANJALI AMAZIGO**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: 2026-CAB-001163

**Erik Javier Arroyabe Quiroga, et al.**

*Defendant(s) / Respondent(s)*

**AFFIDAVIT OF SERVICE**

I, Paul Waters, being duly sworn, state:

I am 18 years or older and not a party to this action.

I served the following documents to ERIK JAVIER ARROYABE QUIROGA in Prince Georges County, MD on February 26, 2026 at 4:54 pm at 5902 31st Ave, Apt 214, Hyattsville, MD 20782-2904 by leaving the documents at the usual place of abode of ERIK JAVIER ARROYABE QUIROGA with Walter Arroyabe who is of suitable age and discretion and resides therein.

COMPLAINT
INITIAL ORDER
SUMMONS
Race: Hispanic or Latino, Sex: Male, Est. Age: 45-54, Hair: Brown, Glasses: N, Est. Weight: 180 lbs to 200 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=38.9638589,-76.9655173
Photograph: See Exhibit 1

Total Cost: $101.00

[signature]
Server Signature
Paul Waters
+1 (301) 602-1095

Subscribed and sworn to before me this 27 day of February, 2026, by Paul Waters
Notary Name. Witness my hand and official seal.

State of Maryland
County of Prince Georges

[signature]
Notary Public

My commission expires: 08/17/2027

LASHAWN WILLIAMS
Notary Public
Prince George's County, Maryland
My Commission Expires 8/17/2027

Notary Stamp

LASHAWN WILLIAMS NOTARY PUBLIC PRINCE GEORGE'S COUNTY, MD

**EXHIBIT A**


Exhibit 1a)
2/26/2026 4:54 pm EST
5902 31st Ave, Apt 214, Hyattsville, MD 20782-2904
38.9638589, -76.9655173
WARNING

eFiled
4/23/2026 7:42:33 PM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
**Civil Division**

**ANJALI AMAZIGO,**

Plaintiff,

v.

Case No. 2026-CAB-001163
Judge: Edward A. O'Connell
Next Court Date: May 22, 2026
Event: Initial Scheduling Conference

**ERIK JAVIER ARROYABE QUIROGA, WALTER ARROYABE, AND UBER TECHNOLOGIES, INC.**

Defendants.

**AFFIDAVIT OF ERIK JAVIER ARROYABE QUIROGA**

I, **ERIK JAVIER ARROYABE QUIROGA**, being duly sworn, depose and say:

1. I am a Defendant in the above-captioned matter.

2. I am over the age of 18 and competent to testify to the matters stated herein.

3. On February 26, 2026, the date listed on the Affidavit of Service, I did not reside at 5902 31st Avenue, Apt. 214, Hyattsville, MD 20782-2904.

4. My residence on February 26, 2026, was in Bogotá, Colombia.

5. I have resided in Bogotá, Colombia, from November 20, 2025, to the present.

6. At no point did I authorize anyone at 5902 31st Avenue, Apt. 214, Hyattsville, MD 20782-2904 to accept service of process or legal papers on my behalf.

***I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.***

Executed on: __________________ (Date)
_________________________(Signature)
ERIK JAVIER ARROYABE QUIROGA
Location: Bogota, Colombia

*Translated and Executed from English to Spanish below:*
*Aquí tienes la traducción al español de la versión pulida y corregida:*

**DECLARACIÓN JURADA DE ERIK JAVIER ARROYABE QUIROGA**

Yo, ERIK JAVIER ARROYABE QUIROGA, bajo juramento, declaro y digo:

1. Soy el Demandado en el asunto arriba mencionado.

2. Soy mayor de 18 años y cuento con la capacidad legal para testificar sobre los asuntos aquí declarados.

3. El 26 de febrero de 2026, fecha que figura en la Declaración Jurada de Notificación (*Affidavit of Service*), yo no residía en 5902 31st Avenue, Apt. 214, Hyattsville, MD 20782-2904.

4. Mi residencia el 26 de febrero de 2026 se encontraba en Bogotá, Colombia.

5. He residido en Bogotá, Colombia, desde el 20 de noviembre de 2025 hasta la fecha presente.

6. En ningún momento autoricé a persona alguna en 5902 31st Avenue, Apt. 214, Hyattsville, MD 20782-2904 a aceptar notificaciones procesales o documentos legales en mi nombre.

***Declaro bajo pena de perjurio, de acuerdo con las leyes de los Estados Unidos de América, que lo anterior es fiel y verdadero.***

Firmado el: 23/April/2026 (Fecha)
[signature] (Firma)
ERIK JAVIER ARROYABE QUIROGA
Lugar: Bogotá, Colombia

eFiled
4/27/2026 4:54:01 PM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ANJALI AMAZIGO :
:
Plaintiff : **Civil Action No: 2026-CAB-001163**
: **Judge Edward O'Connell**
vs. : **Initial Conf. May 22, 2026**
:
ERIK JAVIER ARROYABE QUIROGA :
:
AND :

WALTER ARROYABE RODGRIGUEZ

AND

UBER TECHNOLOGIES, INC.

Defendants

**ANSWER TO AMENDED COMPLAINT**

COME NOW THE DEFENDANT **Walter Arroyabe Rodriguez**, by and through his attorney, Giancarlo M. Ghiardi, in answer to the Plaintiff's Amended Complaint state as follows:

**FIRST DEFENSE**

The Complaint fails to state a cause of action against Defendant, Walter Arroyabe Rodriguez, upon which relief may be granted.

**SECOND DEFENSE**

Defendant respectfully denies all allegations of negligence, denies any claims of negligent entrustment and other improper conduct and further denies all allegations not specifically admitted or otherwise responded to. Liability is contested and denied and strict proof is required,

**PARTIES**

1-4. Defendant is presently without knowledge or information sufficient to form an opinion as to the truth of all of the allegations contained in Paragraphs 1 through 4 of the Complaint. At this time, the allegations in paragraphs no. 1-4 are denied.

**JURISDICTION AND VENUE**

5-7. The Defendant admits the existence of the statute and references cited in paragraphs number 5-7 of the Complaint and denies that this Court has jurisdiction solely by reason thereof.

**FACTUAL BACKGROUND**

8-18. The Defendant denies the facts and allegations as phrased in paragraphs 8-18 of the Complaint and the facts and allegations asserted in Paragraphs 8 through 18 are denied and Defendant demands strict proof.

COUNT **I – Negligence vs. Quiroga (Driver)**

19-24. Count I does not pertain to Defendant Walter Arroyabe. To the extent the allegations affect or relate in any manner to the actions of defendant, Walter Arroyabe Rodriguez, all of the facts and allegations of paragraphs 19-24 are denied.

**COUNT II – Negligence/Negligent Entrustment vs. Arroyabe**

25. The Defendant incorporates by reference responses as set forth in Paragraphs 1 through 24 as though stated fully herein.

25-31. Defendant Walter Arroyabe Rodriquez denies the allegations of negligence entrustment and denies the existence of the required elements of any recognized negligent entrustment claim denying the allegations as phrased and contained in Paragraphs 25 through 31 of the Complaint and Defendant Walter Arroyabe demands strict proof thereof.

**COUNT III Vicarious Liability – Defendant Uber**

32-38. Count III does not pertain to Defendant Walter Arroyahbe. To the extent the allegations affect or relate in any manner to the actions of the defendant, Walter Arroyabe Rodgriguez, all of the facts and allegations of paragraphs 32-38 are denied.

**COUNT IV. Negligent Hiring, Retention, and Supervision – Defendant Uber**

39-47. Count 4 does not pertain to Defendant Walter Arroyabe. To the extent the allegations affect or relate in any manner to the actions of the defendant, Walter Arroyabe Rodriguez, all of the facts and allegations of paragraphs 39-47 are denied.

**THIRD DEFENSE**

Defendant respectfully asserts the affirmative defense of contributory negligence. Furthermore, Defendant asserts that Plaintiff's negligence was the sole cause of the accident. In the alternative, Plaintiff's negligence was greater than that of the Defendants.

**FOURTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense of assumption of risk should discovery disclose a basis therefor.

**FIFTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense that the Complaint is barred by the Statute of Limitations should discovery disclose a basis therefor.

**SIXTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense of unavoidable accident should discovery disclose a basis therefor.

**SEVENTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense that if the Plaintiff was injured as alleged in the Complaint, such injuries were the result of the negligence of a person or persons not a party to the case at bar should discovery disclose a basis therefor.

**EIGHTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense that the injuries alleged by the Plaintiff were not causally related to the collision complained of.

**NINTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense that the Plaintiff was not injured in the nature or to the extent claimed in the Complaint should discovery disclose a basis therefor.

**TENTH DEFENSE**

Defendant respectfully reserves the right to assert those defenses which may become known as a result of discovery in this matter.

WHEREFORE, the Defendant, Walter Arroyabe Rodriguez, requests that Plaintiff's Complaint in this action be dismissed with prejudice with costs, attorney's fees, and interest as provided by law assessed against the Plaintiff and that the Defendant be granted such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

Giancarlo M. Ghiardi- #468820
Attorney for Defendant Walter Arroyabe Rodriquez
16901 Melford Boulevard, Suite 400
Bowie, Maryland 20715
Direct Dial: (301) 552-9886
Main Line: (301) 552-2290
Fax: (855) 396-2592
giancarlo.ghiardi@statefarm.com

**PRAYER FOR JURY TRIAL**

Defendant requests a jury trial of eight (8) persons on all issues herein.

Giancarlo M. Ghiardi, #468820

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 27th day of April 2026, a copy of the foregoing Answer to Amended Complaint and Prayer for Jury Trial, was sent electronically, via District of Columbia Odyssey File and Serve, to: **Terence O. Davis, Esquire,** 20 M St. SE, Floor 6, Washington, DC 20003, Attorney for Plaintiff, **Deborah L. Nixon, Esq.,** 1900 Duke Street, Suite 210, Alexandria, VA 22314, and **Carlos A. Uria, Esq.,** One Park Place, Suite 425, Annapolis, MD 21401.

Giancarlo M. Ghiardi, #468820

eFiled
5/7/2026 8:04:01 PM
Superior Court
of the District of Columbia

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| ANJALI AMAZIGO<br><br>*Plaintiff,*<br><br>v.<br><br>ERIK JAVIER ARROYABE QUIROGA, ET AL.<br><br>*Defendants.* | Case No. 2026-CAB-001163<br><br>Judge: Edward A. O'Connell<br><br>Next Event: Remote Initial Scheduling Conference- May 22, 2026. |

**PLAINTIFF'S OPPOSITION TO DEFENDANT ERIK JAVIER ARROYABE QUIROGA'S MOTION TO DISMISS FOR INSURFFICIENT SERVICE OF PROCESS**

COMES NOW Plaintiff, Anjali Amazigo, hereinafter referred to as the "Plaintiff", by and through her counsel Terence Davis, Esq., and the law offices of Morgan & Morgan DC, PLLC, and hereby submits this Opposition to the Defendant Erik Javier Arroyabe Quiroga's Motion to Dismiss for Insufficient Service of Process. In support thereof, Plaintiff states as follows:

**STATEMENT OF FACTS**

The matter concerns a motor vehicle incident which occurred on July 8, 2025, wherein the Plaintiff, while lawfully crossing the street via a crosswalk at the intersection of New Hampshire Avenue NW and M Street NW, in Washington D.C., was struck by a motorcycle owned and operated by Defendant Walter Arroyabe and Defendant Erik Javier Arroyabe Quiroga, respectively. As a result of the incident, Plaintiff sustained serious injuries. By Complaint filed on February 20, 2026, Plaintiff claimed against the above-named Defendants and DoorDash Inc. (who was later dismissed by joint stipulation) for damages incurred from the incident.

The Police Report from the incident listed the address of Defendant Quiroga as 5902 31st Avenue, Hyattsville, MD 20782, United States. *See* pg. 6 of the Police Report exhibited hereto as **Exhibit 1**. Therefore, upon belief that the recorded address in the police report was indeed that of Defendant Quiroga, service of the Complaint was effected at the said address on February 26, 2026. The affidavit of service of Paul Waters specified that the documents were served to Erik Quiroga by leaving the documents at his "**usual place of abode with Walter Arroyabe who is of suitable age and discretion and resides therein**". *See* Affidavit of Service, exhibited hereto as **Exhibit 2**. Defendant Arroyabe was similarly served on the same date.

The Defendants' answers to the Complaint became due on March 19, 2026 (21 days after the service date of February 26, 2026). Defendant Arroyabe filed an Answer on April 8, 2026.

On April 9, 2026, Counsel for Defendant Quiroga (hereinafter "Defense Counsel") and Plaintiff's Counsel had a conversation, wherein Defense Counsel acknowledged representation of Defendant Quiroga and requested additional time - two (2) weeks or until April 23, 2026 - to respond to the Complaint. Plaintiff Counsel obliged. This agreement was memorialized by email between counsel. *See* email exhibited hereto as **Exhibit 3**.

Subsequently, on April 17, 2026, Plaintiff filed an Amended Complaint adding Uber Technologies Inc. as a Defendant. By email to Plaintiff's Counsel on the said date, Defense Counsel postulated that her response should be filed after the Amended Complaint is filed and served. *See* email exhibited hereto as **Exhibit 4.**

Notwithstanding this, on April 23, 2026 - the agreed due date for submission of an answer to the original Complaint - Defense Counsel indicated her intention to file a Motion to Dismiss the action for alleged insufficiency of service. In response, Plaintiff's Counsel advised that Plaintiff objected to Defendant's motion. *See* email exhibited hereto as **Exhibit 5**.

## LEGAL STANDARD

Under D.C. Super. Ct. R. Civ. P. 4(e), an individual within the United States may be served, inter alia, by leaving the required documents at the **individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there**. Under D.C. Super. Ct. R. Civ. P. 4(l), proof of such service generally must be made by the process server's sworn affidavit, which should identify the person who made service, state the date and place of service, and specify the documents served.

"In view of the prima facie evidence of the facts stated in the process servers' returns, **clear and convincing proof is required to rebut the presumption of their verity**". *Alexander v. Polinger Co., 496 A.2d 267 (D.C. 1985); Fireman's Insurance Co. v. Belts*, 455 A.2d 908, 909 (D.C.1983); (emphasis added). Similarly, there is a presumption of truth attaching to a marshal's return of service which may only be impeached by strong and convincing evidence. *Castro v. Universal Acceptance Corp*., 200 A.2d 202 (D.C. 1964). In *Castro*, the District of Columbia Court of Appeals held that "the presumption of correctness of official return stating that process had been served by leaving copies at defendant's usual place of abode with a named person **was not overcome by affidavit that stated place was not defendant's usual place of abode and that named person did not reside there and was not authorized to receive summons**…" *Id.* (emphasis added).

## ARGUMENTS

**Defendant Quiroga has not provided clear and convincing evidence to rebut the presumption of truth of the return of service.**

Defendant Quiroga's motion should be denied because he has failed to present the strong and convincing evidence necessary to overcome the presumption of validity that attaches to the

affidavit of service. The affidavit states that service was made at 5902 31st Avenue, Hyattsville, Maryland 20782, by leaving the summons and complaint at Defendant Quiroga's **usual place of abode with Walter Arroyabe, a person of suitable age and discretion who resides therein**. *See* **Exhibit 2**. This affidavit is sufficient under D.C. Super. Ct. R. Civ. P. 4(e) and 4(l), and therefore constitutes prima facie evidence that service was properly effected.

Defendant Quiroga's affidavit does not meaningfully challenge nor rebut this evidence. *See* Defendant's Exhibit A. He states only that he was in Colombia on the date of service. However, physical absence from the residence on the date of service does not defeat service at one's usual abode. Rule 4(e) expressly allows service to be accomplished without personal delivery, as long as the documents are left at the defendant's dwelling or usual place of abode with a suitable resident.

Courts have recognized that a "usual place of abode" may remain such even when the defendant is temporarily absent. *Bank-Fund Staff Fed. Credit Union v. Cuellar,* 639 A.2d 561 (D.C. 1994). There, the District of Columbia Court of Appeals held that a home remained the mortgagors' "principal place of abode" even while they were abroad on a work assignment and had rented the property to another occupant. *Id.* Accordingly, even if Defendant Quiroga was overseas on February 26, 2026, that fact alone does not demonstrate that 5902 31st Avenue was not his usual place of abode.

**Critically, Defendant Quiroga does not state that 5902 31st Avenue was not his usual place of abode.** He likewise does not deny that Walter Arroyabe resided there or was of suitable age and discretion. Thus, he fails to rebut the core factual representations contained in the affidavit of service.

According to *Alexander*, *Fireman's Insurance*, and *Castro*, that failure is dispositive. Indeed, *Castro* held that the presumption of correctness was not overcome even where the defendant directly denied that the address was his usual place of abode. Here, Defendant Quiroga does not even make that denial. His affidavit therefore falls short of the clear and convincing proof required to impeach the return of service. By virtue of the foregoing, his motion should be denied.

## CONCLUSION

WHEREFORE, the Plaintiff, by and through undersigned Counsel, respectfully request that this Court:

1. Deny Defendant Erik Javier Arroyabe Quiroga's Motion to Dismiss for Insufficient Service of Process.
2. Grant any other relief that this Court deems just and proper.

Respectfully submitted,

Terence Davis

Terence Davis, Esq. 900025555
Morgan & Morgan DC, PLLC
20 M St. SE, FL 6
Washington, DC 20003
Tel: (202)772-0595
Fax: (202)772-0645
tdavis@forthepeople.com
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2026, I served a true and accurate copy of the foregoing, via the Court's electronic filing service, to:

Deborah L. Nixon (D.C. Bar No. 90009473)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dnixon@hccw.com
*Counsel for Defendant Quiroga*

Giancarlo M. Ghiardi, Esq.
State Farm Mutual Automobile Insurance Company
4601 Forbes Boulevard Suite 200
Lanham, MD 20706 301-552-2290
Phone 301-552-9886 - DD 855-396-2592
Fax giancarlo.ghiardi@statefarm.com
*Counsel for Defendant Arroyabe*

# Exhibit 1

# D.C POLICE CRASH REPORT Form PD-10

REV June 2021

Crash Summary

Number of Motor Vehicles: 1
*Automobiles, Motorcycles, etc.*

Number of Non-Motorists: 1
*Pedestrians, Bicyclists, etc.*

Case Number: 25102776

DOT Identifier:
*For DOT use only*

## CRASH DATE, TIME, SEVERITY, AND LOCATION

Date of Crash *(YYYYMMDD)*: 20250708

Time *(0000-2359)*: 1232

Town Name: WASHINGTON

Crash Severity: ○ Fatal ◉ Injury ○ PDO

Latitude: 38.90538325951012

Longitude: -77.04743150429917

Crash occurred on (street name or route #) at its intersection with (street name or route #): 2115 M STREET NW WASHINGTON DC 20037 US at

If not at an intersection: distance ○ Feet ○ Tenths of Mile; N, S, E, W; of; name of nearest intersecting road, town line, or mile marker

## CRASH FACTORS AND CONDITIONS

*For all numeric fields: 99 = 'Unknown'*

**TRAFFICWAY OWNERSHIP**: 01
01. Public Road
02. Private Road

**TRAFFICWAY LOCATION**: 01
01. Trafficway, On Road
02. Trafficway, Not on Road
03. Non-Trafficway

**LIGHT CONDITIONS**: 01
01. Daylight
02. Dawn / Dusk
03. Dark- Lighted
04. Dark- Not Lighted
05. Dark Unknown Lighting
98. Other

**WEATHER CONDITIONS** *(choose up to 2)*: 99
01. Blowing Sand, Soil, Dirt
02. Blowing Snow
03. Clear
04. Cloudy
05. Fog, Smog, Smoke
06. Freezing Rain/Drizzle
07. Rain
08. Severe Crosswinds
09. Sleet or Hail
10. Snow
98. Other

**TRAFFICWAY SURFACE CONDITIONS**: 99
01. Dry
02. Ice/Frost
03. Mud, Dirt, Gravel
04. Oil
05. Sand
06. Slush
07. Snow
08. Water (standing, moving)
09. Wet
98. Other
99. Unknown

**LOCATION RELATIVE TO TRAFFICWAY**: 05
01. Gore
02. In Parking Lane or Zone
03. Median
04. Off-Roadway, Location Unknown
05. On Roadway
06. On Shoulder, Left Side
07. On Shoulder, Right Side
08. Outside Road/Right-of-Way
09. Roadside
10. Separator/Traffic Island

**CRASH-SPECIFIC LOCATION**: 05
00. Not an Interchange Area
01. Acceleration/Deceleration Lane
02. Crossover-Related
03. Driveway Access or Related
04A. Exit Ramp or Related
04B. Entry Ramp or Related
05. Intersection or Related
06. Non-Junction
07. Railway Grade Crossing
08. Shared-Use Path or Trail
08A. Bike Lane
09. Through Roadway
10A. Midblock Crosswalk
10B. Alley
10C. Service Road
10. Other Location Not Listed Above Within an Interchange Area *(median, shoulder and roadside)*

**NUMBER OF APPROACHES**: 03
01. Not an Intersection
02. Two
03. Three
04. Four
05. Five or more

**OVERALL INTERSECTION GEOMETRY**: 01
01. Angled/Skewed
02. Roundabout/Traffic Circle
03. Perpendicular
97. Not Applicable/Not an Intersection

**SCHOOL BUS RELATED**: 01
01. No
02. Yes, a school bus was directly involved
03. Yes, a school bus was indirectly involved

**FIRST HARMFUL EVENT**: 17

**Non-Collision:**
01. Cargo/Equipment Loss or Shift
02. Fell/Jumped From Motor Vehicle
03. Fire/Explosion
04. Immersion, Full or Partial
05. Jackknife
06. Other Non-Collision
07. Overturn/Rollover
08. Thrown or Falling Object

**Collision with Person, Vehicle, or Non-Fixed Object:**
09. Animal (live)
10. Construction Equipment
11. Farm Equipment
12. Motor Vehicle in Transport
13A. Portable variable message signs (VMS)
13. Other Non-Fixed Object
14. Other Non-motorist
15. Parked Motor Vehicle
16. Pedalcycle
17. Pedestrian
18. Railway Vehicle
18A. Streetcar
19. Strikes Object at Rest from MV in Transport
20. Struck by Falling, Shifting Cargo or Anything Set in Motion by Motor Vehicle

**Collision With Fixed Object:**
21. Bridge Overhead Structure
22. Bridge Pier or Support
23. Bridge Rail
24. Cable Barrier
25. Concrete Traffic Barrier
26. Culvert
27. Curb
28. Ditch
29. Embankment
30. Fence
31. Guardrail End Terminal
32. Guardrail Face
33. Impact Attenuator/Crash Cushion
34. Mailbox
35A. Signal/Control boxes
36A. Parking meters
36B. DDOT Camera equipment
35. Other Fixed Object *(wall, building, tunnel, etc.)*
36. Other Post, Pole, or Support
37. Other Traffic Barrier
38. Traffic Sign Support
39. Traffic Signal Support
40. Tree (standing)
41. Utility Pole/Light Support

**MANNER OF CRASH** (Applies to: multi-vehicle crashes):
01. Angle
02. Front to Front
03. Front to Rear
04. Rear to Rear
05. Rear to Side
06. Sideswipe, Opposite Direction
07. Sideswipe, Same Direction
98A. Collision with Parked Vehicle
98. Other
00. Not a Collision Between Two Motor Vehicles

**CONTRIBUTING CIRCUMSTANCES,** *(choose up to 2)*: 99
00. None
01. Animal(s)
02. Debris
03. Glare
04. Non-Highway Work
05. Obstructed Crosswalks
06. Obstruction in Roadway
07. Prior Crash
08. Prior Non-Recurring Incident
09. Regular Congestion
10. Related to a Bus Stop
11. Road Surface Condition *(wet, icy, snow, slush, etc.)*
12. Ruts, Holes, Bumps
13. Shoulders *(none, low, soft, high)*
14. Toll Booth/Plaza Related
15. Traffic Control Device
16. Traffic Incident
17. Visual Obstruction(s)
18. Weather Conditions
19. Work Zone *(construction/ maintenance/utility)*
20. Worn, Travel-Polished Surface
98. Other

## WORK ZONE CRASH INFORMATION

*For all numeric fields: 99 = 'Unknown'* — *Complete all for crashes occurring in a Work Zone*

**WORK ZONE**: 01
01. No
02. Yes

**LOCATION**: 98
01. Before the First Work Zone Warning Sign
02. Advance Warning Area
03. Transition Area
04. Activity Area
05. Termination Area
98. Not Applicable

**TYPE**: 98
01. Lane Closure
02. Lane Shift / Crossover
03. Work on Shoulder or Median
04. Intermittent or Moving Work
05. Other Type of Work Zone
98. Not Applicable

**WORKERS PRESENT**: 98
01. No
02. Yes
98. Not Applicable

**ENFORCEMENT PRESENT**: 98
01. No
02. Yes
98. Not Applicable

**D.C POLICE CRASH REPORT Form PD-10**
**REV June 2021**

**Case Number:** 25102776

**DOT Identifier:**
*For DOT use only*

## DIAGRAM




| Related Incident Number | Officer First Name | Officer Last Name | Badge Number |
|---|---|---|---|
| 25102776 | Alex | Rosario-Berroa 11399 | 5753 |

| | |
|---|---|
| Officer Signature: | Supervisor: |
| Date & Time : | Date & Time : |

**D.C POLICE CRASH REPORT Form PD-10**
**REV June 2021**

**Case Number:** 25102776

**DOT Identifier:**
*For DOT use only*

## NARRATIVE

At the hospital, the driver of Veh-1 was seen by Dr. Lauren Kanzaki. X-ray and CAT-SCAN were perform on the driver of Veh-1.

Pictures uploaded to evidence.com.

# D.C POLICE CRASH REPORT Form PD-10
REV June 2021
**Motor Vehicle Information**
*Complete One Sheet Per Motor Vehicle*

Motor Vehicle ID: 1
Number of occupants in *Vehicle* : 1
*(including the driver)*

Case Number: 25102776
DOT Identifier:
*For DOT use only*

## MOTOR VEHICLE INFORMATION (ii)

VIN: H Z 2 T B C N D 7 R 1 1 1 0 0 7 2
Plate #: 6436Y6
Make: Taizhou Chuanl Motorcycle Manufacturing
Color: Blue
Plate State: MD
Model: BWS
Year: 2 0 2 4
Direction of Travel N, S, E, W: SW
Road on which vehicle was traveling: NEW HAMPSHIRE AVE NW
☐ Vehicle was not in roadway
☐ Unknown direction
Total through lanes: 2
Total aux lanes: 99

## MOTOR VEHICLE CRASH INFORMATION

*For all numeric fields: 99 = 'Unknown'*

### SEQUENCE OF EVENTS
*(choose up to four, in chronological order)*

**Non-Harmful Events**
01. Cross Centerline
02. Cross Median
03. End Departure (T-intersection, dead-end, etc.)
04. Downhill Runaway
05. Equipment Failure (blown tire, brake failure, etc.)
06. Ran Off Roadway Left
07. Ran Off Roadway Right
08. Reentering Roadway
09. Separation of Units
10. Other Non-Harmful Event

**Non-Collision Harmful Events**
11. Cargo/Equipment Loss or Shift
12. Fell/Jumped From Motor Vehicle
13. Fire/Explosion
14. Immersion, Full or Partial
15. Jackknife
16. Other Non-Collision Harmful Event
17. Overturn/Rollover
18. Thrown or Falling Object

**Collision w/ Person, Vehicle, Non-Fixed Object**
19. Animal (live)
20. Motor Vehicle in Transport
21A. Portable variable message signs (VMS)
21. Other Non-Fixed Object
22. Other Non-Motorist
23. Parked Motor Vehicle
24. Pedalcycle
25. Pedestrian
26. Railway Vehicle (train, engine)
26A. Streetcar
27. Strikes Object at Rest from MV in Transport
28. Struck by Falling, Shifting Cargo or Anything Set in Motion by Motor Vehicle
29. Work Zone/Maintenance Equipment

**Collision With Fixed Object**
30. Bridge Overhead Structure
31. Bridge Pier or Support
32. Bridge Rail
33. Cable Barrier
34. Concrete Traffic Barrier
35. Culvert
36. Curb
37. Ditch
38. Embankment
39. Fence
40. Guardrail End Terminal
41. Guardrail Face
42. Impact Attenuator/Crash Cushion
43. Mailbox
44A. Signal/Control boxes
44. Other Fixed Object (wall, building, tunnel, etc.)
45A. Parking Meters
45B. DDOT Camera equipment
45. Other Post, Pole, or Support
46. Other Traffic Barrier
47.Traffic Sign Support
48. Traffic Signal Support
49. Tree (standing)
50. Utility Pole/Light Support
51. Unknown Fixed Object

1st: 25
2nd:
3rd:
4th:
Most Harmful Event: 25

### MOTOR VEHICLE MANEUVER
Value: 06

01. Backing
02. Changing Lanes
03. Entering Traffic Lane
04. Leaving Traffic Lane
05. Making U-Turn
06. Movements Essentially Straight Ahead
07. Negotiating a Curve
08. Overtaking/Passing
09. Parked
10. Slowing
11. Stopped in Traffic
12. Turning Left
13. Turning Right
98A. Entering Driveway
98B. Exiting Driveway
98C. Entering Alleyway
98D. Exiting Alleyway
98. Other

### CONTRIBUTING CIRCUMSTANCES MOTOR VEHICLE
Value: 99

00. None
01. Brakes
02. Exhaust System
03. Body, Doors
04. Steering
05. Power Train
06. Suspension
07. Tires
08. Wheels
09. Lights *(head, signal, tail)*
10. Windows/Windshield
11. Mirrors
12. Wipers
13. Truck Coupling / Trailer Hitch / Safety Chains
98A. Steel Plates
98. Other

### POSTED/STATUTORY SPEED LIMIT
*(record the posted/statutory value as miles per hour)*
Value: 25

10, 15, 20, 25, 30, 35, 40, 45
50, 55, 60, 65, 70, 75, 80, 85
97. Not Applicable

### TOWED
Value: 01

01. Not towed
02. Towed, But Not Due to Disabling Damage
03. Towed Due to Disabling Damage

### EXTENT OF DAMAGE
Value:

00. No Visible Damage
01. Minor Damage
02. Functional Damage
03. Disabling Damage
04. Vehicle Not at Scene

### BODY TYPE
Value: 23

01. Passenger Car/Station Wagon/Jeep
02. Sport Utility Vehicle
03. Mini-Van (personal use, up to 8 seats)
04. Motor home/recreational vehicle
05. Other Small Passenger
06. Limo
07. Large Passenger Van
08. School Bus
09. Transit Bus
10. Charter/Tour Bus
11. Shuttle Bus
12. ChildCare/DayCare
13. Intercity Bus
14. Other Bus
15. Cargo Van
16. Pickup Truck
17. Single-Unit Truck (2 axles)
18. Single-Unit Truck (3 or more axles)
19. Truck, Axles Unknown
20. Truck Tractor (Bobtail)
21. Construction Equipment (Backhoe, Bulldozer, etc.)
22. Farm Equipment (Tractor, Combine, Harvester, etc.)
23. 2-Wheeled Motorcycle
24. 3-Wheeled Motorcycle
25. Autocycle
26. Moped or motorized bicycle
27. All-Terrain Vehicle/Cycle (ATV/ATC)
28. Recreational Off-Highway Vehicle (ROV)
29. Snowmobile
30. Golf cart
31. Low speed vehicle
98. Other

### MOTOR VEHICLE DAMAGE




*Use diagram above for values 1-12*
*See user guide for other vehicle diagrams.*

**Initial Contact Point**
Value: 12

00. Non-Collision
13. Top
14. Undercarriage
15. Cargo loss
16. Vehicle Not at Scene

**Damaged Areas** *(choose up to 3)*
Values: (blank), (blank), (blank)

00. None
13. Top
14. Undercarriage
15. All Areas
16. Vehicle Not at Scene

### MOTOR VEHICLE TYPE
Value: 01

01. Motor Vehicle in Transport
02. Parked Motor Vehicle
03. Working Vehicle/Equipment

### TRAFFICWAY DIVIDED
Value: 00

00. Not Divided
01. Not Divided, With a Continuous Left-Turn Lane
02. Divided, Flush Median (greater than 4ft wide)
03. Divided, Raised Median (curbed)
04. Divided, Depressed Median

### ROADWAY GRADE
Value: 01

01. Level
02. Uphill
03. Hillcrest
04. Downhill
05. Sag *(bottom)*

### ROADWAY ALIGNMENT
Value: 01

01. Straight
02. Curve Left
03. Curve Right

### TRAFFIC CONTROL DEVICE TYPE
Values: 18, (blank), (blank), (blank)

00. No Control Device
01. Person *(flagger, law enforcement, crossing guard, etc.)*
02. Bicycle Crossing Sign
03. "Curve Ahead" Warning Sign
04. "Intersection Ahead" Warning Sign
05. Other Warning Sign
06. Pedestrian Crossing Sign
07. Railroad Crossing Sign
08. "Reduce Speed Ahead" Warning Sign
09. School Zone Sign
10. Stop Sign
11. Yield Sign
12. Flashing Railroad Crossing Signal *(may include gates)*
13. Flashing School Zone Signal
14. Flashing Traffic Control Signal
15. Lane Use Control Signal
16. Other Signal
17. Ramp Meter Signal
18. Traffic Control Signal
19. Bicycle Crossing
20. Other Pavement Marking
21. Pedestrian Crossing
98A. Pedestrian (Only) HAWK Signal
98B. Pedestrian Rapid Flash Beacon
98C. Ped Pylon
22. Railroad Crossing
23. School Zone
98. Other

**MISSING OR INOPERATIVE?**
Values: 00, (blank), (blank), (blank)

## INSURANCE INFORMATION

| INSURANCE COMPANY | INSURANCE POLICY NUMBER | INSURANCE EXPIRATION DATE (yyyymmdd) |
|---|---|---|
| STATEFARM | 20 1B9A-O04 | 2 0 2 6 0 3 1 9 |

Case 1:26-cv-02480-ABJ Document 1-3 Filed 07/15/26 Page 57 of 120

**D.C POLICE CRASH REPORT Form PD-10**
**REV June 2021**

**Motor Vehicle Information (Cont)**
*Complete One Sheet Per Motor Vehicle*

**Case Number:** 25102776
**DOT Identifier:**
*For DOT use only*

## MOTOR VEHICLE OWNERSHIP INFORMATION

Vehicle Owner Name *(Last, First, Middle, Suffix)*: Arroyabe, Walter, ,
Business Name:

Street Address or Post Office Box: 5902 31st Avenue

| City | State/Prov | Country | Postal Code |
|---|---|---|---|
| Hyattsville | MD | United States | 20782 |

Email Address *(optional)*:
Phone *(optional)*: (347) 245-5109

**SPECIAL VEHICLE FUNCTION** — 00

00. No Special Function

**Emergency Vehicles**
01. Ambulance
02. Non-Transport Emergency Services Vehicle
03. Fire Truck
04. Police

**Incident Response**
05. Public Utility
06. Highway/Maintenance
07. Safety Service Patrols-Incident Response
08. Towing – Incident Response (no vehicle in tow yet)
09. Towing – Incident Response (Towed vehicle 2 or more wheels on ground)
10. Towing – Incident Response (Flatbed or trailer)
11. Other Incident Response (not towing related)

**Delivery**
12. Taxi
13. Vehicle Used for Electronic Ride-hailing
14. Mail Carrier

**Truck Uses**
15. Truck with Crash Attenuator Equipment, in act of work
16. Truck with Crash Attenuator Equipment, not in act of work
17. Rental Truck - Personal Use
18. Rental Truck - Commercial Use

**Other**
19. Farm Vehicle (Truck not equipment)
20. Military
21. Other
22. Unknown

**Buses**
23. Bus – School (Public or Private)
24. Bus – Childcare/Daycare
25. Bus – Transit/Commuter
26. Bus – Charter/Tour
27. Bus – Intercity
28. Bus – Shuttle

**EMERGENCY VEHICLE** — 97

01. Non-Emergency, Non-Transport
02. Non-Emergency Transport
03. Emergency Operation, Emergency Warning Equipment Not in Use
04. Emergency Operation, Emergency Warning Equipment in Use
97. Not applicable
99. Unknown

# D.C POLICE CRASH REPORT Form PD-10

REV June 2021

**Motor Vehicle ID:** 1

**Person ID:** 1

## Motor Vehicle Driver Information

*Complete One Sheet Per Driver*

**Case Number:** 25102776

**DOT Identifier:** *For DOT use only*

Name *(Last, First, Middle, Suffix)*: Erik Javier Arroyabe Quiroga

Street Address or PO Box: 5902 31ST AVE

City: HYATTSVILLE State or Prov: MD Postal Code: 20782

**SEX** M. Male F. Female ?. Unknown — M

**DATE OF BIRTH** *(YYYYMMDD)*: 20020504

☐ Date of Birth is unknown

Phone/Email *(optional)*: +13239425144

## LICENSE INFO

*For all numeric fields: 99 = 'Unknown'*

**LICENSE NUMBER**

**JURISDICTION**

**DRIVER LICENSE JURISDICTION** — 00
00. Not Licensed
01. Canada
02. Indian Nation
03. International License *(other than Mexico and Canada)*
04. Mexico
05. State
06. U.S. Government
97. Not Applicable

**LICENSE CLASS**
00. None
A. Class A
B. Class B
C. Class C
M. Class M
R. Regular Driver License Class
N/A. Not Applicable

**COMMERCIAL LICENSE**
01. No
02. Yes

**ENDORSEMENTS**
- ☐ None/Not Applicable
- ☐ H - Hazardous Materials
- ☐ N - Tank Vehicle
- ☐ P - Passenger
- ☐ S - School
- ☐ T - Double/Triple Trailers
- ☐ X - Combination of Tank Vehicle and Hazardous Materials
- ☐ Other non-commercial license endorsements (e.g., motorcycle, etc.)

## DRIVER INFORMATION

**EJECTION**
00. Not Ejected
01. Ejected, Partially
02. Ejected, Totally
97. Not Applicable

**RESTRAINT SYSTEMS** — 14
01.Booster Seat
02.Child Restraint System - Forward Facing
03.Child Restraint System - Rear Facing
04.Child Restraint - Type Unknown
05.Lap Belt Only Used
06.None Used - Motor Vehicle Occupant
07.Restraint Used - Type Unknown
08. Shoulder and Lap Belt Used
09. Shoulder Belt Only Used
10. Stretcher
11. Wheelchair

**MOTORCYCLE HELMET USE**
12. DOT-Compliant Motorcycle Helmet
13. Not DOT-Compliant Motorcycle Helmet
14. Unknown If DOT-Compliant Motorcycle Helmet
15. No Helmet
97. Not Applicable
98. Other

**AIRBAG DEPLOYED** — 00
00. Not Deployed
01. Curtain
02. Front
03. Side
04. Other (knee, air belt, etc.)
05. Deployment Unknown
97. Not Applicable

**SPEED RELATED** — 99
01. No
02. Exceeded Speed Limit
03. Racing
04. Too Fast for Conditions

**SEATING POSITION** — 01,07

**FIRST DIGIT**
01. Front Row
02. Second Row
03. Third Row
04. Fourth Row
05. Fifth Row
06. Unknown Row
11. Other Enclosed Cargo Area
12. Riding on Motor Vehicle Exterior (non-trailing unit)
13. Sleeper Section of Cab (truck)
14. Trailing Unit
15. Unenclosed Cargo Area

**SECOND DIGIT**
07. Left Seat
08. Middle Seat
09. Right Seat
10. Unknown Seat







**DRIVER ACTIONS** *(choose up to 4)* — 00
00. No Contributing Action
01. Disregarded Other Road Markings
02. Disregarded Other Traffic Sign
03. Failed to Keep in Proper Lane
04. Failed to Yield Right-of-Way
05. Followed Too Closely
06. Improper Backing
07. Improper Passing
08. Improper Turn
09. Operated Motor Vehicle in Inattentive, Careless, Negligent, or Erratic Manner
10. Operated Motor Vehicle in Reckless or Aggressive Manner
11. Over-Correcting/Over-Steering
12. Ran Off Roadway
13. Ran Red Light
14. Ran Stop Sign
15. Swerved or Avoided Due to Wind, Slippery Surface, Motor Vehicle, Object, Non-Motorist in Roadway, etc.
16. Wrong Side or Wrong Way
98A. Flashing/Directional light
98B. Violated no right turn on red restriction
98C. Failed to set parking brakes
98D. Open door to traffic
98E. Open door to bike
98F. Driver vision obstructed
98G. Driver Inattention
98.Other Contributing Action

**DISTRACTED?** — 99
00. Not Distracted
01. Talking/listening
02. Manually Operating *(texting, dialing, playing game, etc.)*
03.Other Action *(looking away from task, etc.)*

**CONDITION AT TIME OF CRASH** *(choose up to 2)* — 00
00. Apparently Normal
01. Asleep or Fatigued
02. Emotional *(depressed, angry, disturbed etc.)*
03. Ill *(sick)*, Fainted
04. Physically Impaired
05. Under the Influence *(Medications/Drugs/Alcohol)*
97. Not Applicable
98. Other

## INJURY AND EMS INFORMATION

**INJURY STATUS** — 03
01. Fatal Injury
02. Suspected Serious Injury
03. Suspected Minor Injury
04. Possible Injury
05. No Apparent Injury

**TYPE OF TRANSPORT** — 02
00. Not Transported
01. EMS Air
02. EMS Ground
03. Law Enforcement
98. Other

**TAKEN BY** Ambulance 30

**AMBULANCE #** 30

**MEDICAL FACILITY** HUH

## ENFORCEMENT ACTIONS TAKEN

**VIOLATION STATUTES**

291864263

## DRUG/ALCOHOL INFORMATION

**ALCOHOL TEST STATUS** — 00
00. Test Not Given
01. Test Given
02. Test Refused
99. Unknown if Tested

**TYPE OF ALCOHOL TEST** — 97
01. Blood
02. Breath
03. Urine
97. Not Applicable 98. Other

**DRUG TEST STATUS** — 00
00. Test Not Given
01. Test Given
02. Test Refused
99. Unknown if Tested

**TYPE OF DRUG TEST** — 97
01. Blood
02. Saliva
03. Urine
97. Not Applicable 98. Other

**D.C POLICE CRASH REPORT Form PD-10**
**REV June 2021**

**Person ID:** 2

**Case Number:** 25102776

**Non-Motorist Information**
*Complete one sheet for each non-motorist involved in crash*

**DOT Identifier:** *For DOT use only*

## NON-MOTORIST INFORMATION

*For all numeric fields: 99 = 'Unknown'* *Only required if the crash involves a non-motorist*

Name *(Last, First, Middle, Suffix)*: Anjali Camille Amazigo

Street Address or P.O. Box: 1814 L STREET NE

City: WASHINGTON State or Prov: DC Postal Code: 20002

**SEX** F. Female M. Male ?. Unknown: F

**DATE OF BIRTH** *(YYYYMMDD)*: ☒ Date of Birth is unknown

Phone/Email *(optional)*: (571) 420-6608

**NON-MOTORIST PERSON TYPE**
4A. Bicyclist - Private
4B. Bicyclist - Rented Capital Bike Share
4C. Bicyclist - Rented Other
05. Other Cyclist
06. Pedestrian
7A. Personal Mobility Devices (PMD) - Segway *(Private)*
7B. Personal Mobility Devices (PMD) - Segway *(Rented Other)*
7C. Electric Mobility Devices - e-Scooters *(Private)*
7D. Electric Mobility Devices - e-Scooters *(Rented Other)*
07. Other Pedestrian *(wheelchair, person in a building, skater, personal conveyance, etc.)*
8A. Streetcar Operator
8B. Streetcar Passenger
08. Occupant of a Non-Motor Vehicle Transportation Device
09. Unknown Type of Non-Motorist

Value: 06

**NON-MOTORIST ACTION/ CIRCUMSTANCE PRIOR TO CRASH**
00. None
01. Adjacent to Roadway *(e.g., Shoulder, Median)*
02. Crossing Roadway
03. In Roadway - Other
04. Waiting to Cross Roadway
05. Walking/Cycling Along Roadway Against Traffic *(In or Adjacent to Travel Lane)*
06. Walking/Cycling Along Roadway With Traffic *(In or Adjacent to Travel Lane)*
07. Walking/Cycling on Sidewalk
08. Working in Trafficway (Incident Response)
98. Other

Value: 02

**NON-MOTORIST LOCATION AT TIME OF CRASH**

Roadway Facility
01. Intersection - Marked Crosswalk
02. Intersection - Unmarked Crosswalk
03. Intersection - Other
04. Median/Crossing Island
05. Midblock - Marked Crosswalk
06. Shoulder/Roadside
07. Travel Lane - Other Location

Bicycle Facility
08. Signed Route *(no pavement marking)*
09. Shared Lane Markings
10. On-Street Bike Lanes
11. On-Street Buffered Bike Lanes
12. Separated Bike Lanes
13. Off-Street Trails/Sidepaths

Other Facility
14. Driveway Access
15. Non-Trafficway Area
16. Shared-Use Path or Trail
17. Sidewalk
98. Other

Value: 01

**NON-MOTORIST DISTRACTED BY**
01. Hands-Free Mobile Phone
02. Hand-Held Mobile Phone
03. Other Electronic Device
04. Vehicle-Integrated Device
05. Passenger/Other Non-Motorist
06. External *(to vehicle/non-motorist area)*
07. Other Distraction *(animal, food, grooming)*
97. Not Applicable *(Not Distracted)*

Value: 99

**NON-MOTORIST ACTION/ CIRCUMSTANCES AT TIME OF CRASH**
00. None *(No Improper Action)*
01. Dart/Dash
02. Disabled Vehicle Related *(Working on, Pushing, Leaving/Approaching)*
03. Entering/Exiting Parked/Standing Vehicle
04. Failure to Obey Traffic Signs, Signals, or Officer
05. Failure to Yield Right-Of-Way
06. Improper Passing
07. Improper Turn/Merge
08. Inattentive *(Talking, Eating, etc.)*
09. In Roadway Improperly *(Standing, Lying, Working, Playing)*
10. Not Visible *(Dark Clothing, No Lighting, etc.)*
11. Wrong-Way Riding or Walking
98. Other

Value: 05

**NON-MOTORIST CONDITION AT TIME OF CRASH**
*(choose up to 2)*
00. Apparently Normal
01. Asleep or Fatigued
02. Emotional *(depressed, angry, disturbed, etc.)*
03. Ill (sick), Fainted
04. Physically Impaired
05. Under the Influence *(Meds/Drugs/Alcohol)*
97. Not Applicable
98. Other

Values: 00

**NON-MOTORIST SAFETY EQUIPMENT**
*(choose up to 5)*
00. None
01. Helmet
02. Protective Pads Used *(elbows, knees, shins, etc.)*
03. Reflective Wear *(backpack, triangles, etc.)*
04. Lighting
05. Reflectors
98. Other

Values: 00

**ORIGIN/DESTINATION**
01. Going to or from School (K-12)
02. Going to or from Transit
97. Not Applicable

Value: 99

## IDENTIFICATION INFO

**IDENTIFICATION NUMBER**
5397493

**ISSUED BY**
DC

**DRIVER LICENSE JURISDICTION**
00. Not Licensed
01. Canada
02. Indian Nation
03. International License *(other than Mexico and Canada)*
04. Mexico
05. State
06. U.S. Government
97. Not Applicable

Value: 05

## INJURY AND EMS INFORMATION

**INJURY STATUS**
01. Fatal Injury
02. Suspected Serious Injury
03. Suspected Minor Injury
04. Possible Injury
05. No Apparent Injury

Value: 02

**TRANSPORTED TO FIRST MEDICAL FACILITY BY**
00. Not Transported
01. EMS Air
02. EMS Ground
03. Law Enforcement
98. Other

Value: 02

**TAKEN BY**

**AMBULANCE #** 16

**INTENDED RECEIVING FACILITY**
GW HOSPITAL

## ENFORCEMENT ACTIONS TAKEN

**VIOLATION STATUTES**

NONE

## DRUG/ALCOHOL INFORMATION

**ALCOHOL TEST STATUS**
00. Test Not Given
01. Test Given
02. Test Refused
99. Unknown if Tested

Value: 00

**TYPE OF ALCOHOL TEST**
01. Blood
02. Breath
03. Urine
97. Not Applicable 98. Other

Value: 97

**DRUG TEST STATUS**
00. Test Not Given
01. Test Given
02. Test Refused
99. Unknown if Tested

Value: 00

**TYPE OF DRUG TEST**
01. Blood
02. Saliva
03. Urine
97. Not Applicable 98. Other

Value: 97

**D.C POLICE CRASH REPORT Form PD-10**
**REV June 2021**

**Appendix D: Bicycle**
*Complete this this sheet for each bicycle*

**Bicycle ID:** 1
**Number of occupants on *Bicycle:*** 1
**Case Number:** 25102776
**DOT Identifier:** *For DOT use only*

## BICYCLE INFORMATION

Serial Number: H Z 2 T B C N D 7 R 1 1 1 0 0 7 2

Make: Taizhou Chuanl Motorcycle Manufacturing
Color: Blue

Model: BWS
Year: 2 0 2 4

Direction of Travel N, S, E, W

Road on which bicycle was traveling: NEW HAMPSHIRE AVE NW | SW

☐ Bicycle was not in roadway
☐ Unknown direction

Total through lanes: 2
Total aux lanes: 99

*For all numeric fields: 99 = 'Unknown'*

## BICYCLE CRASH INFORMATION

**SEQUENCE OF EVENTS**
*(choose up to four, in chronological order)*

**Non-Harmful Events**
01. Cross Centerline
02. Cross Median
03. End Departure (T-intersection, dead-end, etc.)
04. Downhill Runaway
05. Equipment Failure (blown tire, brake failure, etc.)
06. Ran Off Roadway Left
07. Ran Off Roadway Right
08. Reentering Roadway
09. Separation of Units
10. Other Non-Harmful Event

**Non-Collision Harmful Events**
11. Cargo/Equipment Loss or Shift
12. Fell/Jumped From Motor Vehicle
13. Fire/Explosion
14. Immersion, Full or Partial
15. Jackknife
16. Other Non-Collision Harmful Event
17. Overturn/Rollover
18. Thrown or Falling Object

**Collision With Person, Motor Vehicle or Non-Fixed Object**
19. Animal (live)
20. Motor Vehicle in Transport
21A. Portable variable message signs (VMS)
21. Other Non-Fixed Object
22. Other Non-Motorist
23. Parked Motor Vehicle
24. Pedalcycle
25. Pedestrian
26. Railway Vehicle (train, engine)
26A. Streetcar
27. Strikes Object at Rest from MV in Transport
28. Struck by Falling, Shifting Cargo or Anything Set in Motion by Motor Vehicle
29. Work Zone/Maintenance Equipment

**Collision With Fixed Object**
30. Bridge Overhead Structure
31. Bridge Pier or Support
32. Bridge Rail
33. Cable Barrier
34. Concrete Traffic Barrier
35. Culvert
36. Curb
37. Ditch
38. Embankment
39. Fence
40. Guardrail End Terminal
41. Guardrail Face
42. Impact Attenuator/Crash Cushion
43. Mailbox
44A. Signal/Control boxes
44. Other Fixed Object (wall, building, tunnel, etc.)
45A. Parking Meters
45B. DDOT Camera equipment
45. Other Post, Pole, or Support
46. Other Traffic Barrier
47.Traffic Sign Support
48. Traffic Signal Support
49. Tree (standing)
50. Utility Pole/Light Support
51. Unknown Fixed Object

1st: 25
2nd:
3rd:
4th:

**Most Harmful Event:** 25

**BICYCLE ACTION** — 06
01. Backing
02. Changing Lanes
03. Entering Traffic Lane
04. Leaving Traffic Lane
05. Making U-Turn
06. Movements Essentially Straight Ahead
07. Negotiating a Curve
08. Overtaking/Passing
09. Parked
10. Slowing
11. Stopped in Traffic
12. Turning Left
13. Turning Right
98A. Entering Driveway
98B. Exiting Driveway
98C. Entering Alleyway
98D. Exiting Alleyway
98. Other

**CONTRIBUTING CIRCUMSTANCES** — 99
00. None
01. Brakes
02. Exhaust System
03. Body, Doors
04. Steering
05. Power Train
06. Suspension
07. Tires
08. Wheels
09. Lights *(head, signal, tail)*
10. Windows/Windshield
11. Mirrors
12. Wipers
13. Truck Coupling / Trailer Hitch / Safety Chains
98A. Steel Plates
98. Other

**BODY TYPE** — 23
23. 2-Wheeled Motorcycle
24. 3-Wheeled Motorcycle
25. Autocycle
26. Moped or motorized bicycle
27. All-Terrain Vehicle/Cycle (ATV/ATC)
28. Recreational Off-Highway Vehicle (ROV)
31. Low speed vehicle

**BICYCLE DAMAGE**



*Use diagram above for values 1-12*

**Initial Contact Point** — 12
00. Non-Collision
13. Top
14. Undercarriage
15. Cargo loss
16. Vehicle Not at Scene

**Damaged Areas** *(choose up to 3)*
00. None
13. Top
14. Undercarriage
15. All Areas
16. Vehicle Not at Scene

**POSTED/STATUTORY SPEED LIMIT** — 25
*(record the posted/statutory value as miles per hour)*
10, 15, 20, 25, 30, 35, 40, 45
50, 55, 60, 65, 70, 75, 80, 85
97. Not Applicable

**EXTENT OF DAMAGE**
01. No Visible Damage
02. Minor Damage
03. Functional Damage
04. Disabling Damage

**BICYCLE UNIT TYPE** — 01
01. Bicycle in Transport
02. Parked Bicycle
03. Working Bicycle

**TRAFFICWAY DIVIDED** — 00
00. Not Divided
01. Not Divided, With a Continuous Left-Turn Lane
02. Divided, Flush Median (greater than 4ft wide)
03. Divided, Raised Median (curbed)
04. Divided, Depressed Median

**ROADWAY GRADE** — 01
01. Level
02. Uphill
03. Hillcrest
04. Downhill
05. Sag *(bottom)*

**ROADWAY ALIGNMENT** — 01
01. Straight
02. Curve Left
03. Curve Right

**TRAFFIC CONTROL DEVICE TYPE** — 18
00. No Control Device
01. Person *(flagger, law enforcement, crossing guard, etc.)*
02. Bicycle Crossing Sign
03. "Curve Ahead"
04. "Intersection Ahead"
05. Other Warning Sign
06. Pedestrian Crossing Sign
07. Railroad Crossing Sign
08. "Reduce Speed Ahead"
09. School Zone Sign
10. Stop Sign
11. Yield Sign
12. Flashing Railroad Crossing Signal *(may include gates)*
13. Flashing School Zone Signal
14. Flashing Traffic Control Signal
15. Lane Use Control Signal
16. Other Signal
17. Ramp Meter Signal
18. Traffic Control Signal
19. Bicycle Crossing
20. Other Pavement Marking
21. Pedestrian Crossing
98A. Pedestrian (Only) HAWK Signal
98B. Pedestrian Rapid Flash Beacon
98C. Ped Pylon
22. Railroad Crossing
23. School Zone
98. Other

**MISSING OR INOPERATIVE?** 00



# Exhibit 3

**Cathisha Williams**

---

| | |
|---|---|
| **From:** | Terence Davis |
| **Sent:** | Friday, April 10, 2026 7:33 AM |
| **To:** | Deborah L. Nixon; Cathisha Williams; Jack Leinwand |
| **Cc:** | Tammy Stewart; Stanley P. Wellman |
| **Subject:** | Re: *EXT*Anjali Amazigo v. Erik Javier Arroyabe Quiroga et. al. |

Deborah,

Thank you for confirming our conversation. I appreciate your note, and we will expect your client's response to the complaint on or before April 23, 2026.

Also, can you please confirm whether you have the amended complaint with Uber named as a defendant?

Thank you, and I look forward to hearing from you.

Best regards,

**Terence Davis**
**Attorney**

**T:** (202) 772-0595
**F:** (202) 772-0645

20 M St SE, 6th Floor,
Washington, DC 20003
Licensed in Maryland

MORGAN & MORGAN
AMERICA'S LARGEST INJURY LAW FIRM

$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

---

**From:** Deborah L. Nixon <dnixon@hccw.com>
**Sent:** Thursday, April 9, 2026 5:48 PM
**To:** Terence Davis <tdavis@forthepeople.com>; Cathisha Williams <cathisha.williams@forthepeople.com>; Jack Leinwand <jack.leinwand@forthepeople.com>
**Cc:** Tammy Stewart <tstewart@hccw.com>; Stanley P. Wellman <swellman@hccw.com>
**Subject:** *EXT*Anjali Amazigo v. Erik Javier Arroyabe Quiroga et. al.

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

Terence,

This is to confirm our conversation today, wherein you agreed to provide my client, Erik Arroyabe Quiroga, with two weeks from today's date (April 23, 2026) to respond to the complaint.

Thank you kindly for the courtesy. I will reach out to you when I know more. Have a good evening.

DEBORAH L. NIXON attorney
dnixon@hccw.com | DIRECT 202.908.3952 | CELL 215.906.3343

Harman Claytor Corrigan & Wellman
1900 Duke Street | Suite 210 | Alexandria, VA 22314
OFFICE 804.747.5200 | FAX 804.203.8020 | WEB hccw.com

member of the harmonie group

Celebrating 35 years

This message is intended only for the named recipient and may contain information that is confidential, subject to attorney-client privilege, the work-product doctrine and other privileges. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by return email and delete the original message at once. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# Exhibit 4

**Cathisha Williams**

**From:** Deborah L. Nixon <dnixon@hccw.com>
**Sent:** Friday, April 17, 2026 9:36 AM
**To:** Jack Leinwand; Terence Davis; Cathisha Williams
**Cc:** Tammy Stewart
**Subject:** RE: Anjali Amazigo v. Erik Javier Arroyabe Quiroga et. al. 2026-CAB-001163

**Categories:** Litify

I asked for time based on the original complaint. I should probably file a response after the amended complaint is filed and served.

DEBORAH L. NIXON attorney
dnixon@hccw.com | DIRECT 202.908.3952 | CELL 215.906.3343

Harman Claytor Corrigan & Wellman
1900 Duke Street | Suite 210 | Alexandria, VA 22314
OFFICE 804.747.5200 | FAX 804.203.8020 | WEB hccw.com

member of the harmonie group

This message is intended only for the named recipient and may contain information that is confidential, subject to attorney-client privilege, the work-product doctrine and other privileges. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by return email and delete the original message at once. Thank you.

**From:** Jack Leinwand <jack.leinwand@forthepeople.com>
**Sent:** Friday, April 17, 2026 9:12 AM
**To:** Deborah L. Nixon <dnixon@hccw.com>; Terence Davis <tdavis@forthepeople.com>; Cathisha Williams <cathisha.williams@forthepeople.com>
**Cc:** Tammy Stewart <tstewart@hccw.com>
**Subject:** RE: Anjali Amazigo v. Erik Javier Arroyabe Quiroga et. al. 2026-CAB-001163

Good morning,

I apologize for the delay and confusion. It appears that the court had rejected the earlier filing and I was not alerted to the fact. I have resubmitted it with the deficiency corrected and will have it sent for service as soon as the court accepts the filing and signs the summons attached. Thank you for your patience on this matter.

Best,

**Jack Leinwand**
**Litigation Assistant**

**T:** (202) 772-0593
**F:** (202) 772-0643

20 M St SE, 6th Floor,
Washington, DC 20003

MORGAN & MORGAN
AMERICA'S LARGEST INJURY LAW FIRM

$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

---

**From:** Deborah L. Nixon <dnixon@hccw.com>
**Sent:** Thursday, April 16, 2026 5:31 PM
**To:** Jack Leinwand <jack.leinwand@forthepeople.com>; Terence Davis <tdavis@forthepeople.com>; Cathisha Williams <cathisha.williams@forthepeople.com>
**Cc:** Tammy Stewart <tstewart@hccw.com>
**Subject:** Anjali Amazigo v. Erik Javier Arroyabe Quiroga et. al. 2026-CAB-001163

Jack,

The Amended Complaint is stillnot in the system. Have you made service? I will be forced to respond to the initial complaint. Please get back to me.

DEBORAH L. NIXON
dnixon@hccw.com| DIRECT 202.908.3952

Harman Claytor Corrigan & Wellman
DC Metro Office | 1900 Duke Street | Suite 210 | Alexandria, VA 22314
OFFICE 804.747.5200 | FAX 804.203.8020 | WEB hccw.com

member of the harmonie group

Celebrating 30 years

This message is intended only for the named recipient and may contain information that is confidential, subject to attorney-client privilege, the work-product doctrine and other privileges. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by return email and delete the original message at once. Thank you.

---

**From:** Jack Leinwand <jack.leinwand@forthepeople.com>
**Sent:** Friday, April 10, 2026 10:46 AM
**To:** Tammy Stewart <tstewart@hccw.com>
**Subject:** RE: *EXT*Anjali Amazigo v. Erik Javier Arroyabe Quiroga et. al.

Good morning,

The amended complaint was uploaded early this morning, so I believe the court is still reviewing it.

Thank you,

# Exhibit 2

eFiled
2/28/2026 8:04:13 AM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, CIVIL DIVISION, CIVIL ACTIONS BRANCH

**ANJALI AMAZIGO**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: 2026-CAB-001163

**Erik Javier Arroyabe Quiroga, et al.**

*Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, Paul Waters, being duly sworn, state:

I am 18 years or older and not a party to this action.

I served the following documents to ERIK JAVIER ARROYABE QUIROGA in Prince Georges County, MD on February 26, 2026 at 4:54 pm at 5902 31st Ave, Apt 214, Hyattsville, MD 20782-2904 by leaving the documents at the usual place of abode of ERIK JAVIER ARROYABE QUIROGA with Walter Arroyabe who is of suitable age and discretion and resides therein.

COMPLAINT
INITIAL ORDER
SUMMONS
Race: Hispanic or Latino, Sex: Male, Est. Age: 45-54, Hair: Brown, Glasses: N, Est. Weight: 180 lbs to 200 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=38.9638589,-76.9655173
Photograph: See Exhibit 1

Total Cost: $101.00

Server Signature
Paul Waters
+1 (301) 602-1095

Subscribed and sworn to before me this 27 day of February, 2026, by Paul Waters
Notary Name. Witness my hand and official seal.

Notary Public

My commission expires: 08/17/2027

State of Maryland
County of Prince Georges

LASHAWN WILLIAMS
Notary Public
Prince George's County, Maryland
My Commission Expires 8/17/2027

Notary Stamp

LASHAWN WILLIAMS NOTARY PUBLIC PRINCE GEORGE'S COUNTY, MD


Exhibit 1a)
2/26/2026 4:54 pm EST
5902 31st Ave, Apt 214, Hyattsville, MD 20782-2904
38.9638589, -76.9655173

# Exhibit 5

**Cathisha Williams**

| | |
|---|---|
| **From:** | Terence Davis |
| **Sent:** | Thursday, April 23, 2026 3:39 PM |
| **To:** | Deborah L. Nixon; Cathisha Williams; Jack Leinwand |
| **Cc:** | Tammy Stewart |
| **Subject:** | Re: Anjali Amazigo v. Erik Javier Arroyabe Quiroga et al. 1544.0820 |
| **Categories:** | Litify |

Correct. I object to the motion. Thanks.

**Terence Davis**
Attorney

T: (202) 772-0595
F: (202) 772-0645

20 M St SE, 6th Floor,
Washington, DC 20003
Licensed in Maryland

MORGAN & MORGAN
AMERICA'S LARGEST INJURY LAW FIRM

$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

---

**From:** Deborah L. Nixon <dnixon@hccw.com>
**Sent:** Thursday, April 23, 2026 2:09 PM
**To:** Terence Davis <tdavis@forthepeople.com>; Cathisha Williams <cathisha.williams@forthepeople.com>; Jack Leinwand <jack.leinwand@forthepeople.com>
**Cc:** Tammy Stewart <tstewart@hccw.com>
**Subject:** Anjali Amazigo v. Erik Javier Arroyabe Quiroga et al. 1544.0820

Terence,

My response is due today. I intend to file a motion to dismiss the action against my client for insufficient service. Erik Arroyabe does not reside in the United States. I will assume you ***object to my motion***, unless you tell me otherwise TODAY.

I will provide his address to you when I receive it.

DEBORAH L. NIXON attorney
dnixon@hccw.com | DIRECT 202.908.3952 | CELL 215.906.3343

Harman ClaytorCorrigan&Wellman
1900 Duke Street | Suite 210 | Alexandria, VA 22314
OFFICE 804.747.5200 | FAX 804.203.8020 | WEB hccw.com

member ofthe harmonie group

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| ANJALI AMAZIGO<br><br>*Plaintiff*,<br><br>v.<br><br>ERIK JAVIER ARROYABE QUIROGA, ET AL.<br><br>*Defendants*. | Case No. 2026-CAB-001163<br><br>Judge: Edward A. O'Connell<br><br>Next Event: Remote Initial Scheduling Conference- May 22, 2026. |

**PROPOSED ORDER**

**UPON CONSIDERATION** of Defendant Erik Javier Arroyabe Quiroga's Motion to Dismiss for Insufficient Service of Process, filed on April 23, 2026, and the Plaintiff's Opposition to the Defendant's Motion, filed on May 7, 2026, it is on this ________ day of _________________, 2026, hereby

**ORDERED** that Defendant Erik Javier Arroyabe Quiroga's Motion to Dismiss for Insufficient Service of Process is **DENIED**.

**SO ORDERED**.

______________________

**Judge**

Serve all parties.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **ANJALI AMAZIGO,**<br>**Plaintiff,**<br>**v.**<br>**ERIK JAVIER ARROYABE QUIROGA, et al.,**<br>**Defendants.** | **2026-CAB-001163**<br>**Judge Edward A. O'Connell**<br>**Next Event: May 22, 2026**<br>**Remote Scheduling Conference** |

**ORDER**

Pending before the Court is Defendant Erik Javier Arroyabe Quiroga's Motion to Dismiss for Insufficient Service of Process, filed April 23, 2026. The Court has reviewed the Motion, the Opposition, filed May 7, 2026, the relevant law, and the pleadings. For the following reasons, the Court denies Defendant's Motion.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed her original Complaint in this matter on February 20, 2026. Affidavits of Service, completed by Plaintiff's hired process server, were filed on February 28, 2026, and indicate that service was effected on February 26, 2026, via personal service on Defendant Walter Arroyabe at 5902 31st Ave, Apt 214, Hyattsville, MD. *See* Feb. 28, 2026 Affidavit of Service on Def. W. Arroyabe. The Affidavit of Service reflecting service on Defendant Erik Javier Arroyabe Quiroga was also filed February 28, 2026, and indicates that service was effected on Defendant Arroyabe Quiroga "by leaving the documents at the usual place of abode of Erik Javier Arroyabe Quiroga with Walter Arroyabe who is of suitable age and discretion and resides therein." Feb. 28, 2026 Affidavit of Service on Def. Arroyabe Quiroga ("Affidavit").

Plaintiff filed an Amended Complaint on April 17, 2026. Defendant Arroyabe Quiroga, through counsel, filed the instant Motion to Dismiss for Insufficient Service of Process on April 23, 2026. Plaintiff's Opposition was filed May 7, 2026.

## LEGAL STANDARD

### I. Insufficient Service of Process

Superior Court Rule of Civil Procedure Rule 4 governs service of process. In general, service is accomplished when a summons issued by the court and a copy of the complaint, Initial Order, any addendum to the Initial Order, and any other order directed by the court are served on the parties at the time of filing. *See* Super. Ct. Civ. R. 4(c)(1). Plaintiff is responsible for having these documents served in the time as prescribed by Rule 4(m). *See Id.* Service of process may be done by anyone who is over the age of eighteen and not a party to the litigation. *See* Super. Ct. Civ. R. 4(c)(2). With limited exceptions, service may also be accomplished through certified mail, return receipt requested. *See* Super. Ct. Civ. R. 4(c)(4). Service of process through either personal service or registered mail may be done concurrently or successively at the plaintiff's or court's election. *See* Super. Ct. Civ. R. 4(c)(6).

Rule 4(e) governs the allowable methods of serving an individual in the United States. Such an individual may be served by delivering the required documents to the individual personally, leaving the documents at the individual's residence with a person of suitable age and discretion who also resides there, or by delivering the required documents to an agent authorized or appointed by law to receive such service of process. *See* Super. Ct. Civ. R. 4(e)(2).

Rule 4(l) requires proof of service must be made to the court unless service is acknowledged. *See* Super. Ct. Civ. R. 4(l)(1). Unless service is made by a United States Marshal or Deputy Marshal, proof must be made to the court by the server's affidavit. *Id.* The affidavit

must be made under oath and contain: the caption and number of the case; the process server's name, residential or business address, and the fact that he or she is 18 years of age or older; the time and place when service was made; the fact that the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing were delivered to the person served; and if service was made by delivery to a person other than the party named in the summons, then specific facts from which the court can determine that the person to whom process was delivered meets the appropriate qualifications for receipt of process set out in Rule 4 (e)-(j). *See* Rule 4(l)(A)(i)-(v).

Rule 4(m) requires that, in general, Plaintiff must file either an acknowledgement of service or proof of service of the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties within 60 days of the filing of a complaint. *See* Super. Ct. Civ. R. 4(m)(1)(A).

Insufficient service of process is an affirmative defense to a claim for relief. *See* Super. Ct. Civ. R. 12(b)(5). Actual notice of the action is immaterial to the sufficiency of service of process. *See McLaughlin v. Fidelity Sec. Life Ins.*, 667 A.2d 105, 107 (D.C. 1995) (citing Super. Ct. Civ. R. 12(b)(5); *cf. Parker v. Frank Emmet Real Estate*, 451 A.2d 62 (D.C. 1982) (finding actual notice did not cure insufficient service of process when Landlord and Tenant law allows for posting on the resident's door, but process server only knocked one time before posting.)

## ANALYSIS

### I. The Motion to Dismiss is denied because Defendant fails to rebut the Affidavit's presumption of verity by strong and convincing evidence, and service of process was effective, pursuant to Rule 4(e)(2)(b).

A process server's affidavit of service is entitled to a "presumption of verity" that "may be impeached only by strong and convincing evidence . . . ." *See Carrasco v. Thomas D. Walsh, Inc.*,

988 A.2d 471, 474 n.10 (D.C. 2010) (citing *Firemen's Ins. Co. of Washington, D.C. v. Belts*, 455 A.2d 908, 909 (D.C. 1983)). Here, the process server's Affidavit of Service indicates that it served Defendant Arroyabe Quiroga at 5902 31st Ave, Apt 214, Hyattsville, MD 20782-2904, on February 26, 2026. *See* Feb. 28, 2026 Affidavit. This address matches the address given for Defendant Arroyabe Quiroga in the police report taken at the scene. *See* Opposition Exh. 1 at 7. The 5902 31st Ave address also matches the registration address for the vehicle registered to Defendant Walter Arroyabe. *Id.* at 6.

Defendant Arroyabe Quiroga's Motion to Dismiss alleges that Defendant lived in Colombia at the time of service after moving there on November 20, 2025. *See* Motion Memo. at 1-2. Defendant Arroyabe Quiroga also filed an Affidavit stating that he has lived in Colombia since this time. *See* Apr. 23, 2026 Affidavit of Defendant. However, the Motion provides no factual information or exhibits to show strong or clear and convincing evidence that Defendant lived in Colombia at this time. Therefore, Defendant's Motion, and the conclusory statements it relies on, does not meet the requisite standard to rebut the presumption of verity of the process server's affidavit. *See Firemen's Ins. Co. of Washington, D.C.*, 455 A.2d at 909. Furthermore, the process server's Affidavit of Service indicates that the service package was left at the usual place of abode for Defendant with Walter Arroyabe "who is of suitable age and discretion and resides therein." Fed. 28, 2026 Affidavit. Therefore, the "substituted service" on Defendant Arroyabe Quiroga is compliant with Rule 4(e)(2)(B). Defendant's Motion to Dismiss is denied.

## CONCLUSION

**ACCORDINGLY**, it is by the Court this 19th day of May 2026, hereby

**ORDERED** that Defendant Erik Javier Arroyabe Quiroga's Motion to Dismiss for Insufficient Service of Process, filed April 23, 2026, is **DENIED**.

**IT IS SO ORDERED.**



**Edward A. O'Connell**
**Associate Judge**

*Copies to all parties and counsel.*

Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Erik Javier Arroyabe Quiroga
5902 31st Ave
Hyattsville MD 20782

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:** Anjali Amazigo v. Erik Javier Arroyabe Quiroga et al.

**To:** Erik Javier Arroyabe Quiroga **Case Number:** 2026-CAB-001163

## NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **05/22/2026** at **9:30 AM** in **Remote Courtroom 320**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.
   Link: dccourts.webex.com/meet/ctb320
   Meeting ID: 129 226 9879
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Accessibility and Language Access Information for Superior Court**

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናጋግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

eFiled
5/22/2026 11:19:44 AM
Superior Court
of the District of Columbia

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

**ANJALI AMAZIGO,**

Plaintiff,

v.

**ERIK JAVIER ARROYABE QUIROGA, WALTER ARROYABE, AND UBER TECHNOLOGIES, INC.**

Defendants.

Case No. 2026-CAB-001163
Next Court Date: May 22, 2026
Event: Initial Scheduling Conference

**DEFENDANT ERIK JAVIER ARROYABE QUIROGA'S ANSWER TO COMPLAINT**

Defendant Erik Javier Arroyabe Quiroga ("Defendant Quiroga"), by and through counsel, hereby answers and affirmatively defends Plaintiff's Complaint as follows:

**PARTIES**

1. Defendant Quiroga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies the same and demands strict proof.

2. Admitted.

3. Defendant Quiroga is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same and demands strict proof.

4. . Defendant Quiroga is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same and demands strict proof.

## JURISDICTION AND VENUE

5. Paragraph 5 is admitted for jurisdictional purposes only.

6. Paragraph 6 is admitted for jurisdictional purposes only.

7. It is admitted that the alleged incident occurred in the District of Columbia.

## FACTUAL BACKGROUND

8. Admitted that on July 8, 2025, Defendant Quiroga was traveling southwest on New Hampshire Avenue NW; Defendant Quiroga denies all remaining allegations in Paragraph 8 and demands strict proof.

9. Defendant Quiroga is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's movements and therefore denies the same.

10. Denied, as stated. It is only admitted that Plaintiff and Defendant Quiroga collided; Defendant Quiroga denies all the remaining allegations in Paragraph 10 and demands strict proof.

11. Defendant Quiroga is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries and therefore denies the same.

12. Defendant Quiroga cannot determine what another party concluded or determined and thus is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same and demands strict proof.

13. Defendant Quiroga cannot determine what another party concluded or determined and thus is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies the same and demands strict proof.

14. Denied as stated.

15. Denied. It is only admitted that Defendant Quiroga was the permissive operator of the vehicle at the time of the crash; all other allegations in Paragraph 15 are denied, and strict proof is demanded.

16. Denied as stated, Defendant Quiroga cannot confirm or deny the year, make, or model for the motorcycle he was operating at the time of the subject collision, and demands strict proof.

17. It is admitted only that at the time of the crash, he was using software maintained by Uber Technologies, Inc.

18. Paragraph 18 contains conclusions of law to which no response is required. To the extent a response is required, Paragraph 18 is denied as stated, and strict proof is demanded.

**COUNT I: NEGLIGENCE – DEFENDANT QUIROGA**

19. Defendant Quiroga incorporates his responses to Paragraphs 1–18.

20. Denied. Paragraph 20 (including a-e): contains conclusions of law to which no response is required. To the extent a response is required, Paragraph 20 is denied as stated.

21. Denied. Paragraph 21 (including a-f): contains conclusions of law to which no response is required. To the extent a response is required, Paragraph 21 is denied as stated, and strict proof is demanded.

22. Denied as stated. Plaintiff's negligence was the sole cause of the collision for which she now seeks recovery.

23. Denied. Defendant Quiroga was driving cautiously and prudently at the time of the crash.

24. Denied. Defendant Quiroga was driving cautiously and prudently at the time of the crash; and as such did not cause the collision, in whole or in part.

**COUNT II: NEGLIGENT ENTRUSTMENT – DEFENDANT OWNER ARROYABE**

25. Defendant Quiroga incorporates his responses to Paragraphs 1–24.

26. Defendant Quiroga is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies the same and demands strict proof.

27. Admitted that Defendant Quiroga has permissive use of the vehicle he operated at the time of the crash; all remaining allegations are denied, including that he was operating the vehicle for the owner's benefit.

28. The allegations contained in Paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga is without sufficient knowledge or information sufficient to form a belief to the truth of the allegations contained in Paragraph 28 and therefore denies the same and demands strict proof.

29. The allegations contained in Paragraph 29 contain a conclusion of law to which no response is required. To the extent a response is required, Defendant Quiroga is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore denies the same and demands strict proof.

30. The allegations contained in Paragraph 30 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore denies the same and demands strict proof.

31. The allegations contained in Paragraph 31 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga is without sufficient

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore denies the same and demands strict proof.

**COUNT III: VICARIOUS LIABILITY – DEFENDANT UBER**

32. Defendant Quiroga incorporates his responses to Paragraphs 1–31.

33. It is only admitted that Defendant Quiroga's vehicle collided with Plaintiff; denied as to all remaining allegations contained in Paragraph 33, as well as the conclusions of law.

34. The allegations contained in Paragraph 34 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 34 as stated and demands strict proof.

35. The allegations contained in Paragraph 35 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 35 as stated and demands strict proof.

36. The allegations contained in Paragraph 36 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 36 as stated and demands strict proof.

37. The allegations contained in Paragraph 37 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 37 as stated and demands strict proof.

38. The allegations contained in Paragraph 38 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 38 as stated and demands strict proof.

**COUNT IV: NEGLIGENT HIRING, RETENTION, AND SUPERVISION – DEFENDANT UBER**

39. Defendant Quiroga incorporates his responses to Paragraphs 1–38.

40. The allegations contained in Paragraph 40 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 40 as stated.

41. The allegations contained in Paragraph 41 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 41 as stated.

42. The allegations contained in Paragraph 42 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 42 as stated.

43. The allegations contained in Paragraph 43 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 43 as stated.

44. Admitted only that Defendant Quiroga's vehicle collided with the Plaintiff; denied as to all remaining allegations contained in Paragraph 44, as well as the conclusions of law.

45. The allegations contained in Paragraph 45 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 45 as stated.

46. The allegations contained in Paragraph 46 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 46 as stated.

47. The allegations contained in Paragraph 47 contain conclusions of law to which no response is required. To the extent a response is required, Defendant Quiroga denies all allegations contained in Paragraph 47 as stated.

**AFFIRMATIVE DEFENSES**

1. All allegations in Plaintiff's Complaint, not specifically admitted herein, are denied.

2. Plaintiff's recovery is completely barred because her own negligence caused or contributed to the accident.

3. The Complaint fails to state a claim upon which relief can be granted.

4. Plaintiff voluntarily assumed the risks of the injuries alleged by her conduct at the time of the incident.

5. Defendant Quiroga was confronted with a sudden and unexpected emergency not of his own making and acted as a reasonably prudent person would under the circumstances.

6. Plaintiff failed to take reasonable steps to mitigate and minimize the effects of her alleged injuries.

7. Defendant Quiroga reserves the right to add, amend, or modify additional affirmative defenses as discovery progresses.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant Quiroga respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, grant judgment in favor of Defendant Quiroga, award Defendant Quiroga the costs of this action, and grant such other relief as the Court deems just.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

**ERIK JAVIER ARROYABE QUIROGA**

By Counsel

/s/ Deborah L. Nixon
Deborah L. Nixon (D.C. Bar No. 90009473)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dnixon@hccw.com

## CERTIFICATE

I hereby certify that on this 22nd day of May, 2026, I electronically filed the foregoing with the Clerk of Court using eFileDC, which will send notification of such filing to the following:

Terence Davis, Esq.
D.C. Bar No. 900025555
Morgan & Morgan DC, PLLC
20 M Street SE, 6th Floor
Washington, DC 20003
tdavis@forthepeople.com
cathisha.williams@forthepeople.com
jack.leinwand@forthepeople.com

Giancarlo M. Ghiardi, Esq.
State Farm Mutual Automobile Insurance Company
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706
giancarlo.ghiardi@statefarm.com

/s/ Deborah L. Nixon
Deborah L. Nixon (D.C. Bar No. 90009473)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dnixon@hccw.com

Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Terrence O Davis
ING US FINANCIAL SERVICES
1475 DUNWOODY DR
West Chester PA 19380

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:** Anjali Amazigo v. Erik Javier Arroyabe Quiroga et al.

**To:** Terrence O Davis **Case Number:** 2026-CAB-001163

**NOTICE OF REMOTE SCHEDULING CONFERENCE**

Your case is scheduled for a(n) **Remote Scheduling Conference** on **09/04/2026** at **9:30 AM** in **Remote Courtroom 320**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.
   Link: dccourts.webex.com/meet/ctb320
   Meeting ID: 129 226 9879
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Accessibility and Language Access Information for Superior Court**

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናጋግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Terrence O Davis
ING US FINANCIAL SERVICES
1475 DUNWOODY DR
West Chester PA 19380

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:** Anjali Amazigo v. Erik Javier Arroyabe Quiroga et al.

**To:** Terrence O Davis **Case Number:** 2026-CAB-001163

## NOTICE OF REMOTE SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Scheduling Conference** on **09/04/2026** at **9:30 AM** in **Remote Courtroom 320**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.
   Link: dccourts.webex.com/meet/ctb320
   Meeting ID: 129 226 9879
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናጋግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

eFiled
3/3/2026 2:48:20 AM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, CIVIL DIVISION

**ANJALI AMAZIGO**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: 2026-CAB-001163

**ERIK JAVIER ARROYABE QUIROGA, WALTER ARROYABE, and DOORDASH, INC.**

*Defendant(s) / Respondent(s)*

**AFFIDAVIT OF SERVICE**

I, Olasumbo Elemikan, being duly sworn, state:

I am 18 years or older and not a party to this action.

I served the following documents to DOORDASH, INC. in Baltimore County, MD on February 26, 2026 at 9:47 am at 2405 York Rd, Ste 201, Lutherville Timonium, MD 21093-2252 by leaving the following documents with Jessica Gott who as Manager at The Corporation Trust Incorporated is authorized by appointment or by law to receive service of process for DOORDASH, INC..

COMPLAINT
INITIAL ORDER
SUMMONS
Race: White, Sex: Female, Est. Age: 35-44, Hair: Blonde, Glasses: N, Est. Weight: 160 lbs to 180 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=39.453727804,-76.6311636282
Photograph: See Exhibit 1

Total Cost: $101.00

Olasumbo Elemikan
Server Signature
Olasumbo Elemikan
+1 (929) 454-9080

Subscribed and sworn to before me this 2nd day of March, 2026, by Maria. Kayereka. Notary Name. Witness my hand and official seal.

MKayereka
Notary Public

My commission expires:
05/06/2026

Notary Stamp

MARIA KAYEREKA
Notary Public - State of Maryland
Baltimore County
My Commission Expires May 6, 2029


Exhibit 1a)
2/26/2026 9:47 am EST
2405 York Rd, Ste 201, Lutherville Timonium, MD 21093-2252
39.4537278, -76.6311636
Ashland Corporate Services
The Corporation Trust Incorporated
Suite 201
Office Hours: 8:30am-4:00pm
Closed on all State Holidays
NO SOLICITING
Sorry
No Public Restroom

Exhibit 1b)
2/26/2026 9:47 am EST
2405 York Rd, Ste 201, Lutherville Timonium, MD 21093-2252
39.4537278, -76.6311636

Wolters Kluwer

SOP Intake Portal

**Date:** Thu, Feb 26, 2026

**Time:** 9:44 AM

**Name:** Drop Service

**Phone:** 443-895-4105

**Juris Served:** MD

**Job ID:** 793263

**Total Entries:** 1

Receipt of the following documents at the date, time and location indicated above.

| Entity Served | Agent Name | Case No. |
|---|---|---|
| DOORDASH, INC. | THE CORPORATION TRUST INCORPORATED | 2026CA8001163 |

NOTE: This document serves solely as a record of the delivery of the listed documents at the specified date, time, and location and does not indicate or constitute CT's acceptance of service of any such documents. CT reserves the right to reject service of process as it deems necessary or appropriate.

Intake Specialist: Jessica Gott

CT Corporation, a Wolters Kluwer Company

eFiled
2/28/2026 8:04:13 AM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, CIVIL DIVISION, CIVIL ACTIONS BRANCH

**ANJALI AMAZIGO**

*Plaintiff(s) / Petitioner(s)*

Case No.: 2026-CAB-001163

v.

**Erik Javier Arroyabe Quiroga, et al.**

*Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, Paul Waters, being duly sworn, state:

I am 18 years or older and not a party to this action.

I served the following documents to ERIK JAVIER ARROYABE QUIROGA in Prince Georges County, MD on February 26, 2026 at 4:54 pm at 5902 31st Ave, Apt 214, Hyattsville, MD 20782-2904 by leaving the documents at the usual place of abode of ERIK JAVIER ARROYABE QUIROGA with Walter Arroyabe who is of suitable age and discretion and resides therein.

COMPLAINT
INITIAL ORDER
SUMMONS
Race: Hispanic or Latino, Sex: Male, Est. Age: 45-54, Hair: Brown, Glasses: N, Est. Weight: 180 lbs to 200 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=38.9638589,-76.9655173
Photograph: See Exhibit 1

Total Cost: $101.00

[signature]
Server Signature
Paul Waters
+1 (301) 602-1095

Subscribed and sworn to before me this 27 day of February, 2026, by Paul Waters
Notary Name. Witness my hand and official seal.

[signature]
Notary Public

My commission expires: 08/17/2027

State of Maryland
County of Prince Georges

LASHAWN WILLIAMS
Notary Public
Prince George's County, Maryland
My Commission Expires 8/17/2027

Notary Stamp

LASHAWN WILLIAMS NOTARY PUBLIC PRINCE GEORGE'S COUNTY, MD


Exhibit 1a)
2/26/2026 4:54 pm EST
5902 31st Ave, Apt 214, Hyattsville, MD 20782-2904
38.9638589, -76.9655173

eFiled
2/28/2026 8:01:54 AM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, CIVIL DIVISION, CIVIL ACTIONS BRANCH

**Anjali Amazigo**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: 2026-CAB-001163

**Walter Arroyabe, et al.**

*Defendant(s) / Respondent(s)*

**AFFIDAVIT OF SERVICE**

I, Paul Waters, being duly sworn, state:

I am 18 years or older and not a party to this action.

I served the following documents to WALTER ARROYABE in Prince Georges County, MD on February 26, 2026 at 4:54 pm at 5902 31st Ave, Apt 214, Hyattsville, MD 20782-2904 by personal service by handing the following documents to an individual identified as WALTER ARROYABE.

COMPLAINT
INITIAL ORDER
Race: Hispanic or Latino, Sex: Male, Est. Age: 45-54, Hair: Brown, Glasses: N, Est. Weight: 180 lbs to 200 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=38.9638589,-76.9655173
Photograph: See Exhibit 1

Total Cost: $101.00

[signature]
Server Signature
Paul Waters
+1 (301) 602-1095

Subscribed and sworn to before me this 27 day of February, 2026, by Paul Waters
Notary Name. Witness my hand and official seal.

State of Maryland
County of Prince Georges

[signature]
Notary Public

My commission expires: 08/17/2027

LASHAWN WILLIAMS
Notary Public
Prince George's County, Maryland
My Commission Expires 8/17/2027

Notary Stamp

LASHAWN WILLIAMS NOTARY PUBLIC PRINCE GEORGE'S COUNTY, MD


Exhibit 1a)
2/26/2026 4:54 pm EST
5902 31st Ave, Apt 214, Hyattsville, MD 20782-2904
38.9638589, -76.9655173
WARNING

eFiled
4/8/2026 4:59:55 PM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ANJALI AMAZIGO
806 CHANNING PLACE NORTHEAST
APT 627
WASHINGTON, DC 20018

Plaintiff

vs.

ERIK JAVIER ARROYABE QUIROGA
5902 31ST AVE
HYATTSVILLE, MD 20782

AND

WALTER ARROYABE RODGRIGUEZ
5902 31ST AVE
HYATTSVILLE, MD 20782

Defendants

**Civil Action No: 2026-CAB-001163**
**Judge Edward O'Connell**
**Initial Conf. May 22, 2026**

**ANSWER TO COMPLAINT**

COME NOW THE DEFENDANT **Walter Arroyabe Rodriguez**, by and through his attorney, Giancarlo M. Ghiardi, in answer to the Plaintiff's Complaint state as follows:

**FIRST DEFENSE**

The Complaint fails to state a cause of action against Defendant, Walter Arroyabe Rodriguez, upon which relief may be granted.

**SECOND DEFENSE**

Defendant respectfully denies all allegations of negligence, denies any claims of negligent entrustment and other improper conduct and further denies all allegations not specifically admitted or otherwise responded to. Liability is contested and denied and strict proof is required,

**PARTIES**

1-4. Defendant is presently without knowledge or information sufficient to form an opinion as to the truth of all of the allegations contained in Paragraphs 1 through 4 of the Complaint. At this time, the allegations in paragraphs no. 1-4 are denied.

**JURISDICTION AND VENUE**

5-7. The Defendant admits the existence of the statute and references cited in paragraphs number 5-7 of the Complaint and denies that this Court has jurisdiction solely by reason thereof.

**FACTUAL BACKGROUND**

8-18. The Defendant denies the facts and allegations as phrased in paragraphs 8-18 of the Complaint and the allegations asserted in Paragraphs 8 through 18 are denied and Defendant demands strict proof.

COUNT **I – Negligence vs. Quiroga (Driver)**

19-24. Count I does not pertain to Defendant Walter Arroyabe. To the extent the allegations affect or relate in any manner to the actions of defendant, Walter Arroyabe Rodriguez, all of the facts and allegations of paragraphs 19-24 are denied.

**COUNT II – Negligence/Negligent Entrustment vs. Arroyabe**

25. The Defendant incorporates by reference responses as set forth in Paragraphs 1 through 24 as though stated fully herein.

25-31. Defendant Walter Arroyabe Rodriquez denies the allegations of negligence entrustment and denies the existence of the required elements of any recognized negligent entrustment claim denying the allegations as phrased and contained in Paragraphs 25 through 31 of the Complaint and Defendant Walter Arroyabe demands strict proof thereof.

**THIRD DEFENSE**

Defendant respectfully asserts the affirmative defense of contributory negligence. Furthermore, Defendant asserts that Plaintiff's negligence was the sole cause of the accident. In the alternative, Plaintiff's negligence was greater than that of the Defendants.

**FOURTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense of assumption of risk should discovery disclose a basis therefor.

**FIFTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense that the Complaint is barred by the Statute of Limitations should discovery disclose a basis therefor.

**SIXTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense of unavoidable accident should discovery disclose a basis therefor.

**SEVENTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense that if the Plaintiff was injured as alleged in the Complaint, such injuries were the result of the negligence of a person or persons not a party to the case at bar should discovery disclose a basis therefor.

**EIGHTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense that the injuries alleged by the Plaintiff were not causally related to the collision complained of.

**NINTH DEFENSE**

Defendant respectfully reserves the right to assert the affirmative defense that the Plaintiff was not injured in the nature or to the extent claimed in the Complaint should discovery disclose a basis therefor.

**TENTH DEFENSE**

Defendant respectfully reserves the right to assert those defenses which may become known as a result of discovery in this matter.

WHEREFORE, the Defendant, Walter Arroyabe Rodriguez, requests that Plaintiff's Complaint in this action be dismissed with prejudice with costs, attorney's fees, and interest as provided by law assessed against the Plaintiff and that the Defendant be granted such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

Giancarlo M. Ghiardi- #468820
Attorney for Defendant Walter Arroyabe Rodriquez
16901 Melford Boulevard, Suite 400
Bowie, Maryland 20715
Direct Dial: (301) 552-9886
Main Line: (301) 552-2290

Fax: (855) 396-2592
giancarlo.ghiardi@statefarm.com

**PRAYER FOR JURY TRIAL**

Defendant requests a jury trial of eight (8) persons on all issues herein.

Giancarlo M. Ghiardi, #468820

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 8th day of April 2026, a copy of the foregoing Answer to Complaint and Prayer for Jury Trial, was sent electronically, via District of Columbia Odyssey File and Serve, to: **Terence O. Davis, Esquire,** 20 M St. SE, Floor 6, Washington, DC 20003, Attorney for Plaintiff and **Carlos A. Uria, Esq.,** One Park Place, Suite 425, Annapolis, MD 21401.

Giancarlo M. Ghiardi, #468820

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| ANJALI AMAZIGO | : | |
| | : | |
| Plaintiff | : | Civil Action No: 2026-CAB-001163 |
| | : | Judge Edward O'Connell |
| vs. | : | Initial Conf. May 22, 2026 |
| | : | |
| ERIK JAVIER ARROYABE QUIROGA | : | |
| | : | |
| AND | : | |
| WALTER ARROYABE | | |
| Defendants | | |

**PRAECIPE**

All attorneys and staff of the law firm of Katie C. Glasgow & Associates are employees of the Law Department of State Farm Mutual Automobile Insurance Company.

Respectfully submitted,

Giancarlo M. Ghiardi- #468820
Attorney for Defendant Walter Arroyabe
16901 Melford Boulevard, Suite 400
Bowie, Maryland 20715
Direct Dial: (301) 552-9886
Main Line: (301) 552-2290
Fax: (855) 396-2592
giancarlo.ghiardi@statefarm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 8th day of April 2026, a copy of the foregoing Praecipe, was sent electronically, via District of Columbia Odyssey File and Serve, to: **Terence O. Davis, Esquire,** 20 M St. SE, Floor 6, Washington, DC 20003, Attorney for Plaintiff and **Carlos A. Uria, Esq.,** One Park Place, Suite 425, Annapolis, MD 21401.

Giancarlo M. Ghiardi, #468820

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Anjali Amazigo
Plaintiff

vs.

Case Number 2026-CAB-001163

DoorDash Inc, et al.
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Terence Davis
Name of Plaintiff's Attorney

20 M St SE, 6th Floor
Address
Washington, DC 20003

202 772 0595
Telephone

*Clerk of the Court*

By ______________________
Deputy Clerk

Date 2/23/2026

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Anjali Amazigo
Demandante

contra

Número de Caso: ______________________

DoorDash Inc, et al.
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Terence Davis
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

20 M St SE, 6th Floor
Dirección
Washington, DC 20003

Por: ______________________
Subsecretario

202 772 0595
Teléfono

Fecha ______________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Anjali Amazigo
Plaintiff

vs.

Case Number 2026-CAB-001163

Erik Javier Arroyabe Quiroga, et al.
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Terence Davis
Name of Plaintiff's Attorney

20 M St SE, 6th Floor
Address
Washington, DC 20003

202 772 0595
Telephone

*Clerk of the Court*

By ______________
Deputy Clerk

Date 2/23/2026

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Anjali Amazigo
Demandante

contra

Número de Caso: ____________________

DoorDash Inc, et al.
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Terence Davis
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

20 M St SE, 6th Floor
Dirección
Washington, DC 20003

Por: ____________________
Subsecretario

202 772 0595
Teléfono

Fecha ____________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Anjali Amazigo
Plaintiff

vs.

Case Number 2026-CAB-001163

Walter Arroyabe, et al.
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Terence Davis
Name of Plaintiff's Attorney

20 M St SE, 6th Floor
Address
Washington, DC 20003

202 772 0595
Telephone

*Clerk of the Court*

By [signature]
Deputy Clerk

Date 2/23/2026

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Anjali Amazigo
Demandante

contra

Número de Caso: ______________________

DoorDash Inc, et al.
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Terence Davis
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

20 M St SE, 6th Floor
Dirección
Washington, DC 20003

Por: ______________________
Subsecretario

202 772 0595
Teléfono

Fecha ______________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Anjali Amazigo
Plaintiff

vs.

Case Number 2026-CAB-001163

Uber Technologies
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Terence Davis
Name of Plaintiff's Attorney

20 M St SE, 6th Floor
Address
Washington, DC 20003

202 772 0595
Telephone

*Clerk of the Court*

By
Deputy Clerk

Date April 20, 2026

如需翻译,请打电话 (202) 879-4828　　Veuillez appeler au (202) 879-4828 pour une traduction　　Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시요　　የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Anjali Amazigo
Demandante

contra

Número de Caso: ______________________

DoorDash Inc, et al.
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Terence Davis
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

20 M St SE, 6th Floor
Dirección
Washington, DC 20003

Por: ______________________
Subsecretario

202 772 0595
Teléfono

Fecha ______________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2026-CAB-001163

**Case Style:** Anjali Amazigo v. Erik Javier Arroyabe Quiroga et al.

## INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 05/22/2026 | 9:30 AM | Remote Courtroom 320 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Edward O'Connell.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.
2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.
3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).
4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.
5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.
6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb320

   Meeting ID: 129 226 9879

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

### Persons with Disabilities:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

### Interpreting and Translation Services:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

### Servicios de interpretación y traducción:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

### የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘረውን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.

## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing

- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings

(Click here for more information)

- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.

# District of Columbia Courts

## Tips for Using DC Courts Remote Hearing Sites

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are four remote access sites throughout the community which will operate **Monday – Friday, 8:30 am – 4:00 pm.**

**Remote Site - 3**
Balance and Restorative Justice Center
118 Q Street, NE

**Remote Site - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020



**Remote Site – 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**If you want to use a remote site location for your hearing**, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station.

**If you require special accommodations such as an interpreter for your hearing**, please call 202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.

***You should bring the following items when you come to your scheduled site location***

1. Your case number and any hyperlinks provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call: 202-879-1900
Email: DCCourtsRemoteSites@dcsc.gov

Tribunales del Distrito de Columbia

# Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay cuatro sitios de acceso remoto que funcionarán **de Lunes a Viernes, de 8:30 am a 4:00 pm**.

**Sito Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE

**Sito Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020



**Sito Remoto – 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Si desea usar un sitio remoto para su audiencia**, llame al 202-879-1900 o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.

**Si necesita adaptaciones especiales**, como un intérprete para la audiencia, llame al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

***Cuando concurra al sitio programado debe llevar los siguientes artículos***

1. Su número de caso y todos los hipervínculos que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: 202-879-1900
Correo electrónico: DCCourtsRemoteSites@dcsc.gov